NATHAN P. HOWELL and GILBERT HOWELL, executors, &c., *vs.* WILLIAM H. COOPER and another, executors, &c., and THE RECTOR &c. OF CHRIST CHURCH in the village of Sag Harbor.

Judgment creditors must exhaust their remedy at law, by the issuing of an execution, and the return thereof unsatisfied, in whole or in part, before they will be in a condition to demand the judgment of a court of equity as to the validity of a mortgage executed by their debtor.

Accordingly *held*, that judgment creditors of a religious society could not file a complaint in the nature of a creditor's bill, to have a mortgage, given by the society, prior to the date of the plaintiffs' judgment, declared to be invalid, and the foreclosure thereof perpetually enjoined, on the ground that it was executed without any authority or permission being previously obtained from the court of chancery, or supreme court, to execute a mortgage upon the property of the church; it appearing that the plaintiffs had not attempted to sell the mortgaged property, or any other property of the church, on execution.

APPEAL from an order made at a special term, overruling the demurrer of the plaintiffs to the answer of the defendants Wm. H. and G. H. Cooper. The action was brought by the plaintiffs as executors of the will of Lewis Howell, deceased. The complaint alleged that on the 15th day of November, 1845, pursuant to the act of the legislature passed April 5, 1813, entitled "An act to provide for the incorporation of religious societies," the defendants the rector, churchwardens and vestrymen of Christ Church in the village of Sag Harbor, became a religious incorporation by that name. And that such corporation has ever since been, and still is, acting as such, at Sag Harbor aforesaid.

That on the 15th day of March, 1860, the plaintiffs, in another action in which they were plaintiffs, and the said rector, churchwardens and vestrymen were defendants, by the consideration and judgment of this court, recovered against the said rector, churchwardens and vestrymen the sum of $1148.53, damages and costs; and such judgment was duly docketed in the office of the clerk of the county of Suffolk on the 16th day of the same month; that the same remains

wholly unpaid and unsatisfied, and in full force. That on the said 15th of March, 1860, the defendants Wm. H. and Gilbert H. Cooper filed in the same clerk's office a notice of the pendency of an action in this court, brought by them as executors of the will of William Cooper, deceased, against the said rector, churchwardens and vestrymen, for the foreclosure of a mortgage, and the sale of the lands and premises covered by a mortgage alleged to have been given by the said rector, churchwardens and vestrymen to the said William Cooper, deceased, in his lifetime, to secure the payment of $1200 and interest, bearing date on the 23d of November, 1847, and recorded in the said clerk's office on the 14th of December in the same year. That such foreclosure action was then pending, and is still pending; and that the complaint therein was filed in the said clerk's office on the same 15th of March; and that there is in said clerk's office a record of such a mortgage. That the said alleged mortgage was, on or about the day of its date, executed by the said rector, churchwardens and vestrymen, so far as they had power, to the said William Cooper, in his lifetime; and that the same contains the usual power of sale. That the said rector, churchwardens and vestrymen were never authorized or permitted by any chancellor, vice chancellor, court or magistrate, of or acting under the authority of this state, to execute or give the said alleged mortgage, or otherwise mortgage or convey the lands and premises, or any part of the lands and premises, described in or purporting to be mortgaged thereby; nor was the said alleged mortgage executed by or with the authority, permission or consent of any such chancellor, vice chancellor, court or magistrate. The description of the premises embraced in the mortgage was set forth in the complaint. The plaintiffs alleged that the land was, with a church building thereon, granted and conveyed to the said rector, churchwardens and vestrymen, in fee, by the trustees of the First Church and congregation in Sag Harbor, another religious incorporation, long before November, 1847, and on or about the month of

December, 1846; and that the said rector, churchwardens and vestrymen have ever since owned and been in possession of the same; and that the same was not, nor was any part thereof, ever conveyed to them by the said William Cooper, deceased, or by any person or party holding in trust for him, or for his benefit or account. That as soon as the plaintiffs learned of the commencement of the said foreclosure, they applied to the attorneys for the plaintiffs therein to be made parties defendant thereto, stating the invalidity of the said alleged mortgage, and the grounds of such invality, but such request was refused. They have also requested the plaintiffs in such foreclosure suit to discontinue the same, but have received no answer to such request, although they notified them that the said mortgage was invalid, as not having been authorized by any court or judicial magistrate, and that these plaintiffs must contest it if prosecuted. The plaintiffs therefore demanded judgment that the said alleged mortgage be declared and adjudged invalid, and the said action for its foreclosure dismissed, or perpetually stayed and enjoined, with costs, &c.; or for such further or other relief, &c.

The defendants the rector &c. of Christ Church did not appear in the action.

The defendants William H. Cooper and Gilbert H. Cooper, executors of the will of William Cooper, deceased, separately answered the complaint, and alleged that the whole sum of $1200, for which the mortgage to William Cooper was given, was by him loaned to the mortgagors for the purpose of enabling them to make repairs and improvements upon the mortgaged premises and the buildings thereon, and that the whole of the said sum was used and expended for that purpose; and also, that the said William Cooper loaned the said sum of money wholly upon the credit of the mortgaged premises, believing the premises to be free and clear of all incumbrance, legal or equitable, and without any knowledge, information or suspicion that any incumbrance existed. And the defendants further stated that they were advised and be-

lieved, as matter of law, that it was not necessary to the validity of the said mortgage that authority or permission from any chancellor, vice chancellor, court or magistrate, should have been granted to the said religious corporation, or any of its officers, to execute the same; and that even if the said mortgage should be adjudged to be insufficient as a legal security, in consequence of any or all the defects alleged by the plaintiffs, yet the said sum of money, the payment of which the said mortgage was intended to secure, was, from the time such mortgage was given, and still is, an equitable lien, paramount to all others upon the said mortgaged premises. And these defendants further submitted, as matter of law, that the plaintiffs were strangers in respect to any question between these defendants and the said rector, church-wardens, &c. as it regards the proper execution of the mortgage, or the authority which the said religious corporation had to execute it, or the validity of the equitable lien of these defendants upon the mortgaged premises for the amount of money loaned by their testator to the said religious corporation; and that the plaintiffs have no right to interfere between these defendants and the said religious corporation, for any or all the causes set forth in the said complaint; and that therefore the plaintiffs have not stated facts sufficient to constitute a cause of action.

To this answer the plaintiffs demurred, on the ground that it does not state facts constituting or raising a defense to the complaint.

*H. P. Fessenden*, for the appellants.

*Miller & Tuthill*, for the respondents.

LEONARD, J. The complaint in this action is in the nature of a judgment creditor's bill. The judgment of the plaintiffs was recovered in 1860, against the rector &c. of Christ church &c., and it is here sought to have a mortgage

made by the church to the testator of the defendants, Cooper, declared to be invalid, and the foreclosure thereof perpetually enjoined. The mortgage was made in 1847, to secure a sum of money borrowed by the church at that time for the purpose of repairing the church edifice, and actually so expended.

The ground of the plaintiffs' claim, apparently so extraordinary, is that no authority or permission was ever obtained from the court of chancery or the supreme court to execute any such mortgage on the property of the church, as it is insisted that the statutes of this state require. (3 *R. S.* 298, [*old ed.*] §§ 4, 11.) It does not, however, appear to be necessary to determine the question sought to be presented. The plaintiffs have a complete and effectual remedy at law, if their theory be correct, by a sale of the mortgaged property, or some other property of the church, on execution, which they have not yet attempted.

The executors of the mortgagee have not brought the plaintiffs into court, or asked for any relief against their rights at law. It is the plaintiffs, on the contrary, who have become the actors, and are now demanding in a court of equity the enforcement of a forfeiture against the holders of a mortgage, the bona fide consideration of which is not questioned. It is not even claimed that the mortgage, at the time it was executed, caused the plaintiffs any injury. They fail to show any statutory right to maintain this action, or any paramount equity in their favor.

The plaintiffs must exhaust their remedy at law, by the issue of an execution and a return thereof unsatisfied, in whole or in part, before they will be in a condition to demand the judgment of a court of equity as to the validity of the mortgage in question. (*The North. Am. Fire Ins. Co.* v. *Graham*, 5 *Sandf. S. C. Rep.* 197. *McCullough* v. *Colby*, 5 *Bosworth's R.* 487. *Also other cases referred to in those reports.*)

Affirmative relief to enforce a forfeiture is not usually af-

forded in equity, unless it is enjoined by statute, as in the case of usury.

The order appealed from should be affirmed with costs.

INGRAHAM, P. J. Without being considered as assenting to the proposition that a religious corporation may mortgage real estate without the consent of the court, as required by statute in cases of sales of real estate, I concur in affirming the order appealed from, on the ground that the plaintiffs do not show in their complaint any right to this remedy. There is nothing to show that the plaintiff's debt is not amply secured, even if the mortgage was enforced; or that they have been unable by execution to obtain payment of their judgment.

If the equity of redemption had been purchased by them under execution, they might present better grounds for relief. The order should be affirmed.

BARNARD J. concurred.

Judgment affirmed.

[NEW YORK GENERAL TERM, May 5, 1862. *Ingraham, Leonard* and *Barnard,* Justices.]