# PRACTICE REPORTS.

## SUPREME COURT.

ALLEN PAYNE, who prosecutes in his own behalf and that of all other judgment creditors of WILLIAM P. SHELDON, who choose to join with him, agt. WILLIAM P. SHELDON, impleaded with others.

A creditor at large, with a judgment which is a general lien upon all his debtors' real estate, cannot maintain an action in equity to set aside the fraudulent conveyances of his judgment debtor, which obstructs the collection of his judgment. out of such real estate, without the *issuing of an execution* and ascertaining that it. cannot be collected of the personal property of his debtor. (*The authorities upon. this question examined and considered*).

Where an execution has been duly issued by a judgment creditor to the sheriff of a. county, and by him returned unsatisfied, a complaint by the judgment creditor, in. equity, to reach the property of the judgment debtor is defective, if it does not allege that the execution was issued to the sheriff of the county *where the judgment debtor resided* at the time of its issue and of the recovery of the judgment.

*Monroe Special Term, December*, 1871.

DEMURRER to plaintiff's complaint.

E. W. GARDNER, *for defendant.*
E. G. LAPHAM, *for plaintiff.*

E. DARWIN SMITH, *J.*—The complaint in this action sets out two judgments recovered against the defendant, William P. Sheldon. Upon the judgment first described, no execution appears to have been issued. Upon the judgment secondly described, it appears that an execution was duly issued to

the sheriff of Ontario county, and ruturned unsatisfied. If it had been alleged, that Ontario county was at the time of the recovery of such judgment and the issue of such execution, the place of residence of the judgment debtor, the complaint would have contained all the requisite allegations to entitle the complainant to maintain the action as a creditor's suit, to reach the equitable property of the judgment debtor, and to set aside any fraudulent conveyance of his property.

So far as is necessary to enable the complainant to maintain this action upon the ground, that he had exhausted his remedy at law, the demurrer is well taken.

The question remains, which is the chief point discussed upon the argument and presented for consideration upon this demurrer, is, whether a creditor at large with a judgment which is a general lien upon all his debtor's real estate, can maintain an action in equity to set aside the fraudulent conveyances of his judgment debtor which obstruct the collection of his judgment out of such real estate, without the issuing of an execution, and ascertaining that it cannot be collected of the personal property of his debtor.

A judgment recovered in this court is a general lien upon all the debtor's real estate, situate in any county in this state wherever such judgment is docketed, and it may be docketed in any county in the state. Such judgment does not become a specific lien upon any of the real estate of the judgment debtor, until a proper execution is issued thereon to the sheriff of the county where such property is situated.

The proper execution to be issued upon every judgment recovered for a simple contract debt, is a *fieri facias*, as such process used to be called. Now, it is an execution against property, and every such execution (*Code, sec.* 289), must require the sheriff to satisfy the judgment out of the personal property of such debtor, and if sufficient personal property cannot be found, out of the real estate belonging to him on the day, when the judgment was docketed in such county, or at any time afterwards.

Payne agt. Sheldon.

It would seem in principle, that no proceedings in equity for the enforcement of any such judgment, or to remove incumbrances, in the way of its collection can be instituted, or should be entertained, until it appeared that the proper proceedings for that purpose at law had proved ineffectual.

This action was obviously commenced upon the theory, and the argument to sustain the complaint on the part of the plaintiff was directed to establish, that an action in equity may be commenced by a judgment creditor to set aside and remove fraudulent conveyances in the way of his collection of his debt, immediately upon the recovery of such judgment, and the docketing the same in the proper county, and without the issuing of any execution thereon.

In support of this view, reference was had to certain dicta to that effect by Chancellor KENT, in *Brinkerhoof* agt. *Brown*, (4 *Johns., Ch.*, 677) and by Chancellor WALWORTH, in *Clarkson* agt. *DePuyster*, (3 *Paige*, 322), and of Chief Justice NELSON, and Senator Tracy, in *McElwain* agt. *Willis*, (9 *Wend.*, 503 *and* 567), and some few other cases where the same rule is stated.

I have looked into all the cases cited to me, and others, and I do not find that this doctrine has been particularly discussed or considered in any of them, or distinctly asserted in any actual judgment rendered by the court.

The opposite view holding, that judgment creditors cannot maintain an action in such cases, without execution and in aid of an execution is held in two well considered cases, in the superior court of the city of New York, at general term. One, the case of the *North American Ins. Co.* agt. *Graham*, (5 *Sandf.*, 197,) where the cases cited are very ably and carefully considered and reviewed by Judge CAMPBELL, late a judge of this court; and also in the case of *McCulloch* agt. *Colby*, (5 *Bosw.*, 477,) by Judge HOFFMAN, who also very carefully reviewed all the cases in the courts on the subject, and that court reaffirmed the doctrine asserted in the former case of the *American Ins. Co.* agt. *Graham*.

These two cases are referred to with approval at general term of this court, in the first district, in the case of *Howell* agt. *Cooper*, (37 *Barb.*, 586). I entirely concur in the general reasoning of these cases, and think it my duty to follow them as the latest exposition of the law on this subject in this state.

This view will sustain the demurrer in this action, so far as relates to the first mentioned judgment, upon which no exeution has ever been issued, but would not sustain it in respect to the judgment recovered by *Moule and others* agt. *Sheldon*, if it appeared that the execution upon that judgment had been issued to the proper county, that is to the county where the judgment debtor resided. This, I think, is indispensible. Such, I think, is the view of the court of appeals, as held in *Shaw* agt. *Dwight*, (27 *N. Y.*, 244 *and* 249).

The demurrer must, therefore, be sustained, with leave to the plaintiff to amend the complaint upon the usual terms.