## CLARKSON and others *vs.* DE PEYSTER & BEEKMAN.

A creditor, by decree in chancery, upon the return of his execution unsatisfied, is entitled to the same relief against the equitable interests and property of his debtor, as a creditor by a judgment at law.

To obtain an equitable lien upon property not subject to a levy and sale under an execution, the creditor must have exhausted his remedy under his judgment or decree by the return of an execution unsatisfied.

But to obtain relief against an incumbrance upon the real estate of the debtor, improperly or fraudulently created, it is not necessary for the judgment creditor to sue out an execution previous to filing his bill.

If one creditor by judgment, and another by a decree, have acquired liens upon the property of their debtor, which entitle them to similar relief against an act of the defendant which is a common injury to both and prevents them from enforcing their liens, they may join in a bill to obtain such relief.

May 28.    THIS cause came before the court upon the demurrer of the defendant De Peyster to the complainants' bill. In January, 1828, a decree was obtained in this court, in favor of the present complainants and D. F. Clarkson, against De Peyster, for about $11,000, besides costs. This decree was afterwards affirmed on appeal; and the costs in the original suit and in the court for the correction of errors were taxed at about $1300. In July, 1828, D. F. Clarkson and J. C. Clarkson assigned their interest in the decree to the complainant M. Clarkson, who was entitled to the residue of the money decreed in right of his wife. The complainant J. C. Clarkson, afterwards recovered a judgment in the supreme court against De Peyster, which was docketed in September, 1828. Upon this judgment an execution issued against the property of the latter, which was returned unsatisfied. The amount of the decree, exclusive of the costs, was compromised between the parties; but the costs remaining unpaid, an execution against the property of De Peyster was issued out of this court, in February, 1829, and delivered to the sheriff of New-York, which execution still remained in the hands of the sheriff, unsatisfied. The bill set forth these facts, and also alleged that De Peyster, after the decree of this court, made two affidavits, stating that he was solvent and would be able to pay whatever might finally be adjudged against him in that suit. It also stated that he had

real estate in the city of New-York, upon which he gave a mortgage to the defendant Beekman, for $20,000, a few days before the entering of the decree. The bill further charged that there was nothing due to Beekman at the time of the execution of the mortgage, and that no money was advanced thereon by him ; that the mortgage was merely colorable, and was made for the purpose of creating an apparent lien on the real estate of the mortgagor beyond the value of such estate, with a view to deter the creditors of De Peyster from enforcing a remedy against the same by execution. The bill prayed for an answer as to these several matters ; that De Peyster might make a full discovery as to the situation of his property ; that the debts due to the complainants respectively might be paid out of such property ; and for general relief.

*G. Sullivan & A. G. Rogers,* for the complainants.

*S. A. Talcott,* for the defendant De Peyster.

THE CHANCELLOR. The principal ground of demurrer stated by the defendant, is, that the complainants' bill is multifarious in joining a claim due to J. C. Clarkson on his judgment, with the claim of the other complainants, M. Clarkson and wife, for the costs due them on the decree. I think the defendant's counsel is under a misapprehension in supposing there is no part of the relief, sought by this bill, in which all the complainants have a common interest. So far as the bill seeks relief against the property and choses in action or equitable interests of the defendant De Peyster, which are beyond the reach of execution at law, the creditors under the decree of this court have no common interest with J. C. Clarkson ; inasmuch as their execution has not been returned unsatisfied. I have no doubt, however, that a creditor, by a decree in chancery, upon the return of his execution unsatisfied, is entitled to the same relief, against the equitable rights and property of his debtor, as a creditor by a judgment at law. Even if the revised statutes were to be considered as having introduced a new remedy in this respect, this court, upon the equity of the statute, and by analogy, would extend the remedy to a debt

liquidated by a decree ; and would place it upon the footing of equality with a judgment. The equity of M. Clarkson and wife in this case, however, does not depend upon that principle ; and they probably have no claim to relief in this suit as against property of De Peyster which is not a proper subject of levy and sale on an execution. To obtain an equitable lien upon that species of property, the plaintiff or complainant in the former suit at law, or in this court, must have exhausted his remedy in that suit or proceeding, by a return of his execution against the property of the defendant unsatisfied.

The principal object of the bill in this case, however, appears to be to clear the real estate of De Peyster from the $20,000 mortgage to Beekman, which is alleged to be merely colorable and to have been given without consideration. Although there is no specific prayer to that effect, yet if the case made by the bill entitles the complainants to such relief, it may be granted under the general prayer for further or other relief. For the purpose of obtaining such relief, it was not necessary for the judgment creditor even to sue out an execution. But he might have filed his bill in respect to his lien, and to clear the real estate from an incumbrance improperly or fraudulently interposed, at any time after the docketing of his judgment. (1 *Atkins. on Conv.* 513. 1 *Paige's Rep.* 305. 4 *John. Ch. Rep.* 677.) The other complainants, who claim under the decree of this court, have also proceeded far enough, upon their decree for the costs, to obtain a lien on the real estate ; and of course to entitle them to come here to clear the real estate of that mortgage. By the common law, an execution did not issue out of the court of chancery against the property of the defendant. A decree was therefore not binding upon real estate of the defendant, except such real estate as was the subject of litigation in the suit, or was directly affected by the decree. But the statute of this state, (1 *R. L. of* 1813, *p.* 487,) which authorized the issuing of an execution against the lands and goods of a defendant in chancery, gave a lien upon the property, except as against bona fide purchasers without notice, from the time of the issuing the execution, the same as upon an execution against the goods of a defendant at common law. The lien upon the land, as against the defendants in this case, under the chance-

ry execution, upon the facts stated in the bill attached at the time of the delivery of the execution to the sheriff. The complainants therefore have a common right to ask the aid of this court to remove the mortgage from the estate of De Peyster, which deters purchasers from bidding upon the property, and thus prevents the complainants from enforcing their respective liens. In the case of *Brinckerhoof* v. *Brown*, (6 *John. Ch. Rep.* 139,) this court decided that different creditors having a common, although not a joint interest, might unite in a bill for such a purpose. One of the complainants whose execution has been actually returned unsatisfied, may be entitled to still further relief against one of the defendants. But that forms no objection to a joinder of all these complainants for the purpose of obtaining the relief to which they are all entitled, as against both defendants; and is not a sufficient ground of demurrer to the whole bill. If one creditor, by a decree, and another by a judgment, have acquired liens which entitle them to similar relief against an act of the defendant, which is a common injury to both, I see no greater objection to their joining in one suit, than if both creditors had acquired similar rights under judgments of the same or different courts of law.

The demurrer must be overruled, with costs; and the defendant is to have forty days to put in his answer.