ISAAC BUTTS, RESPONDENT, *v.* WILLIAM WOOD AND OTHERS, APPELLANTS.

*Trust—Incorporation—Director.*

One holding a position of trust cannot use it to promote his individual interest by buying, selling, or in any manner disposing of the trust property committed to his care.

A director of a plank-road company, who is likewise the secretary and treasurer of the company, cannot, as director, vote himself extra compensation as secretary and treasurer, without infringing the above principle.

THIS action was brought mainly to set aside the proceedings of the Defendants, as directors of the Rochester and Webster Plank-road Company, in voting to the Defendant, Daniel Wood, without competent authority to do so, extraordinary compensation for his alleged services as secretary, and otherwise.

This is the only part of the case that comes before this Court— the decision of the referee on all other matters involved in the original litigation having been acquiesced in by the parties.

The Plaintiff, who sues for himself as a stockholder in the company, and for all other stockholders who choose to make themselves parties to the action, states in his complaint that the Defendant, Daniel Wood, had been appointed to be the secretary and treasurer of the company, under a resolution that his compensation should be one per cent. of the receipts of the company, and fifty cents per week in addition. This resolution was adopted December 17, 1855, and has not been repealed or modified.

At a meeting of the board of directors of the company, held July 5, 1859, there were present three of the directors. The three were Daniel Wood, his father, William Wood, and his kinsman, John Cornwall. At this meeting a claim was presented by Daniel Wood, for services as secretary and treasurer, to the amount of $933.33, which was audited, allowed, and ordered to be paid by the treasurer, the person who presented the claim.

It seems to be conceded that this amount was greater than would have been his due under the resolution of December, 1855,

for the reason that questions were mooted on the trial as to whether or not his services were worth more, or his duties more or less laborious, than those of his predecessor, who worked under the resolution of December, 1855.

The case was referred to Hon. T. R. Strong, and resulted in a report, dated April 12, 1861, in favor of the Plaintiff. Judgment thereon was entered May 16, 1861, and upon a case with exceptions, the Defendants appealed to the Supreme Court, at General Term, where the judgment of the Court below was affirmed.

From that judgment the Defendants now appeal to this Court.

*Daniel Wood* for Appellants.

*W. F. Cogswell* for Respondent.

FULLERTON, J.—The bill of the Defendant, Daniel Wood, was presented, audited, and ordered to be paid at a meeting of the board of directors of the company, on the 5th day of July, 1859, when but three of the five directors who composed the board were present; the Defendant, Daniel Wood, being one of those present, and his father, William Wood, and John Cornwall, another kinsman, being the other two. This board, as thus constituted, had no authority to entertain the bill in question, or to do anything in relation to it. Daniel Wood being the claimant, was disqualified from acting, because he could not deal with himself, and without him there was no quorum of the directors, and they had no authority to transact business.

The relation existing between Daniel Wood and the corporation was that of trustee and cestui que trust (Robinson *v.* Smith, 3 Paige, 222; Angell & Ames, 258, 260; Cumberland Coal Co. *v.* Sherman, 30 Barb. 571; Aberdeen Railway Co. *v.* Blaikie Bros., 1 Macq. 461).

This being the case, I am disposed on this ground alone to think that the action of these directors was void. The rule that one holding a position of trust cannot use it to promote his individual interest by buying, selling, or in any way disposing of the trust property, is now rigidly administered in every enlightened nation, and its usefulness and necessity become more and more

apparent.  A careful examination of the testimony in this case shows that Wood could not have enforced this claim against the company, and the circumstances under which it was allowed and paid were a fraud upon its stockholders.  To permit such a transaction to stand would be a reproach to the administration of justice.  The authorities maintaining the invalidity of any act of a trustee in violation of his trust are numerous.  It is sufficient to refer to the learned and exhaustive opinion of Davies, J., in Gardner *v.* Ogden (22 New York R., p. 332), where the whole subject is ably discussed, and the leading authorities collected.  No principle of law is better settled and understood, and there is none more useful in its results.

The payment of this bill being a fraud upon the stockholders, the action was properly brought against the three trustees to recover the damages they had caused, and the judgment rendered seems in every way calculated to promote the ends of justice. It should be affirmed, with costs.

All concur.

Affirmed.

JOEL TIFFANY,
State Reporter.
