McCaffrey *v.* Hickey.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, January 7, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]

———————◆———————

PHILLIP McCAFFREY *vs.* MATTHEW HICKEY and others.

H. sold and conveyed his farm to his daughter C. for $1,500. H. had given to C. and his other children the right to receive and appropriate to their own use their earnings; and out of her earnings C. paid to her father, at sundry times, moneys which, together with money advanced to her for the purpose, by her brother, paid for the land, and what was due to H., except $140, the price of a colt, the property of H. An action to set aside the conveyance, as fraudulent, was brought by a judgment creditor. The issuing of an execution on the judgment was neither averred nor proved. The court below found, as matter of fact, that the conveyance was not fraudulent as to creditors, and decided, as matter of law, that the $140 could not be reached, in such action. *Held,* that these findings were correct, and the complaint was properly dismissed.

*Held, also,* that the action was not a creditor's bill, and the plaintiff was not, therefore, entitled to the relief given in actions of that nature ; but that it must be treated as one in aid of an execution, to set aside a fraudulent obstruction, and the power of the court to grant relief did not rest on the statute, (2 *Stat. at Large,* 180, § 38,) but was a part of the common law jurisdiction of the court.

In case of the fraudulent conveyance of real estate, so that it cannot be sold on execution, the court will appoint a receiver, and through him appropriate the property to the payment of the judgment.

APPEAL, by the plaintiff, from a judgment dismissing the complaint.

66b 489
35ap119

*D. C. Freely*, for the appellant, cited *Macy* v. *Wheeler*, (30 *N. Y.* 231;) 2 *R. S.* 137, § 1; *Sands* v. *Hildreth*, (14 *John.* 493;) *Vance* v. *Phillips*, (6 *Hill*, 433;) *Robinson* v. *Stewart*, (10 *N. Y.* 189;) *Case* v. *Phelps*, (39 *N. Y.* 164;) 1 *R. S.* 728, § 52; *Conaughty* v. *Nichols*, (42 *N. Y.* 83;) *Durand* v. *Hankerson*, (39 *id.* 287.)

*George W. Rawson*, for the respondents, cited *R. S.* *part* 2, *ch.* 7, *title* 3, § 5; *Hill* v. *Grant*, (46 *N. Y.* 496;) *Clute* v. *Newkirk*, (46 *N. Y.* 685; 7 *Wend.* 259;) *Dygert* v. *Remerschnider*, (32 *N. Y.* 629;) 4 *Wend.* 300; 7 *id.* 437; 6 *Paige*, 536; 18 *Wend.* 187.

*By the Court*, MULLIN, P. J. The plaintiff alleges in his complaint that he has recovered judgment against the defendant Matthew Hickey and issued execution thereon; that said Hickey had, before the recovery of said judgment, conveyed a piece of land, of which he was owner, to his daughter Catharine, without consideration, with intent to cheat and defraud his creditors, and prays that said conveyance may be declared fraudulent and void. The answer of the judgment debtor and the grantee of the land denies the complaint, and insists that the sale was *bona fide*, and for a valuable consideration.

It appeared on the trial that the judgment debtor was the owner of some 15 acres of land in the town of Perrinton in the county of Monroe, subject to a mortgage of $656.25, and which was worth $100 per acre. In October, 1869, he sold and conveyed said land to his daughter Catharine, subject to the mortgage, for $1,500.

Her father had given to Catharine and his other children the right to receive and appropriate to their own use their earnings, and out of her earnings Catharine paid to her father, at sundry times, moneys which, together with moneys advanced to her for the purpose

by her brother, paid up for the said land and what was due to the father, except $140, the price of a colt which was the property of the father. The court below found that the conveyance of the land to the daughter was not fraudulent as against creditors, and decided, as matter of law, that the $140 could not be reached by the plaintiff in the present action, and dismissed the plaintiff's complaint, with costs.

There were circumstances of suspicion attending the sale by Hickey to his daughter. But if their testimony is to be believed, it was free from fraud, and the finding that the sale was not fraudulent was supported by the evidence.

The complaint was therefore properly dismissed, unless the plaintiff was entitled to a judgment that the $140, being the value of the colt, be applied on his judgment.

The plaintiff's action is not a creditor's bill, and he is not therefore entitled to the relief given by the courts to plaintiffs in such actions.

To authorize the commencement of a creditor's suit, strictly so called, not only must a judgment have been recovered, but an execution upon it issued and returned unsatisfied in whole or in part. (2 *Statutes at Large*, 180, § 38. *Brinkerhoff* v. *Brown*, 4 *John. Ch.* 671. *Beck* v. *Burdett*, 1 *Paige*, 305. *Chautauqua Co. Bank* v. *White*, 2 *Seld.* 236. *McElwain* v. *Willis*, 9 *Wend.* 548.)

In this case it is neither averred nor proved that an execution has been issued. The action must be treated as one in aid of an execution; that is, to set aside a fraudulent obstruction interposed by the judgment debtor, or other persons, to the satisfaction of the debt out of the property of the debtor which, the fraudulent obstruction being removed, is liable to be seized and sold in payment of the debt.

The power of the court of chancery to grant such re-

lief does not rest on the statute above cited, but is a part of the common law jurisdiction of the court, if I may so call it. The only relief granted in such an action was to set aside the fraudulent obstruction, and thus leave the creditor to proceed and seize and sell upon his execution, the property attempted to be fraudulently conveyed. (*Hendricks* v. *Robinson*, 2 *John. Ch.* 283, *affirmed in the court of errors in* 17 *John.* 438. *Mohawk Bank* v. *Atwater*, 2 *Paige*, 54. *Spear* v. *Wardell*, 1 *N. Y.* 144.)

When the property fraudulently conveyed by the debtor is real estate, and it is so situated that it cannot be sold on execution, the court will appoint a receiver, and through him will appropriate the property to the payment of the judgment. (*Chautauqua Co. Bank* v. *White*, 2 *Seld.* 236. *Same* v. *Risley*, 19 *N. Y.* 369.)

The plaintiff's complaint was properly dismissed, and the judgment must be affirmed with costs.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, January 7, 1873. *Mullin, Talcott* and *E. D. Smith*, Justices.]