ISAAC M. HASWELL et al., Administrators, etc., Respondents,
*v.* JOHN LINCKS et al., Appellants.

Where an order for substituted service of a summons was granted under the
.statute " to facilitate the service of process in certain cases " (Chap. 511,
Laws of 1853, as amended by chap. 212, Laws of 1863), upon affidavits
bringing the case within the statute, and service was made as authorized
by the statute, and judgment perfected, which judgment was, in an action
brought to set aside a fraudulent conveyance by the judgment debtor,
attacked for want of jurisdiction in the judge granting such order, *held*,
that it was only requisite for the plaintiff to show residence of the de-
fendant in this State; that it was sufficient that the other facts specified
in the statute were shown to the satisfaction of the judge granting the
order.
In an action by a judgment creditor to set aside as fraudulent a transfer by
the debtor of an interest in land, an outstanding execution is not neces-
sary; if an execution has been issued and returned unsatisfied it is suffi-
cient.

(Argued January 18, 1882; decided January 31, 1882.)

THIS was an action by judgment creditors to set aside as
fraudulent an assignment by the debtor of a leasehold interest
for a term of years in certain premises situate in New York.
The issuing of an execution upon the original judgment and
return thereof unsatisfied was alleged and proved, as was also
the fraud alleged.

Defendants relied mainly upon two points here: *First*, that
the original judgment was void for want of jurisdiction. *Sec-
ond*, that plaintiffs were not entitled to the relief asked as the
execution had been returned before the commencement of the
action, and none was then outstanding. The summons was not
personally served, but the debtor was proceeded against as a
resident of the State, who could not be found therein or
evaded service, under the statute " to facilitate service of pro-

cess in certain cases." (Chap. 511, Laws of 1853, as amended by chap. 212, Laws of 1863.) The court here held that the affidavits upon which the order for service was granted brought the case within the statute; also, that the evidence on the trial was sufficient to justify a finding that said debtor was a resident of the State, and this being established it was enough that the other facts specified in the statute were shown to the satisfaction of the judge granting the order for substituted service.

As to the second point the court say:

" An execution had been issued and returned unsatisfied. It thus appeared that the plaintiff's legal remedy was exhausted, and an outstanding execution was not necessary to entitle the plaintiff to the relief given. The obstruction to the lien of his judgment was removed, and the debtor's interest in the property may now be reached by execution. (*Shaw* v. *Dwight*, 27 N. Y. 249; *Fox* v. *Moyer*, 54 id. 125; *Crippen* v. *Hudson*, 13 id. 161.)"

*George W. Van Slyck* for appellants.

*S. B. Brownell* for respondents.

DANFORTH, J., reads for affirmance.
All concur except RAPALLO, J., absent.
Judgment affirmed.