MELISSA A. KIMBRO, PLAINTIFF IN ERROR, V. HORACE G. CLARK AND W. SCOTT WARD, DEFENDANTS IN ERROR.

1. **Parties:** INTERVENORS. Under the code of civil procedure of this state new parties to an action by way of intervention are permitted only where the intervenor claims some interest in the subject of the action. In an ordinary action on a promissory note, and in which action an order of attachment has been issued and levied upon real estate the title to which is held by a third party, the question of the ownership of the real estate cannot be adjudicated by the intervention of the holder of the title, that question not being involved in any degree in the action. In such case a judgment against the maker of the promissory note, and an order that the attached property be sold, will not debar the holder of the legal title from afterwards claiming title to the real estate.

2. **Attachment:** LAND OF NON-RESIDENT: CREDITOR'S BILL. Where an attachment is levied upon real estate belonging to a non-resident debtor, or which it is claimed is owned by him, whether held in his own name or not, the attaching creditor acquires a lien upon the interest of the debtor, if any, in the land, which he may enforce after judgment by an action in the nature of a creditor's bill. Such an action may be maintained even though the original judgment was obtained without other service than by publication in a newspaper.

3. **Creditor's Bill:** CONSIDERATION: FRAUD. In an action in the nature of a creditor's bill for the purpose of subjecting real estate to the payment of a judgment obtained upon a promissory note, the question of the consideration or purpose for which the note was executed is an immaterial one. Where it is alleged that the note was given only as a memorandum to show the amount to be paid to the payee out of the proceeds arising from the sale of property placed in the hands of the maker by the payee for sale, and that the maker of the note, contrary to his instructions, exchanged the property for real estate, causing the title to be taken in the name of his wife, and the holder of the note brought an action thereon, attached the real estate, procured a judgment for the amount due, it was. *Held*, That such action on the part of the payee was an abandonment of any equities he might have arising out of the original contract, and in order to subject the real estate to the

payment of his judgment it would be necessary to prove the fraudulent character of the conveyance the same as any other creditor.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*Marquett, Deweese & Hall* and *Allen W. Field,* for plaintiff in error.

*Harwood, Ames & Kelley,* for defendants in error.

REESE, J.

On the 19th day of December, 1881, defendants in error began a suit in the district court of Lancaster county against Robert L. Kimbro for the purpose of collecting the amount due them upon a promissory note executed by him to them. At the same time they caused an order of attachment to be issued out of said court and levied upon the west half of the south-east quarter of section number thirty-four, township seven north, of range seven, in Lancaster county. The defendant in that action was a non-resident of the state, and service was made by publication. The title of the land, as shown by the record of deeds for said county, was held by Melissa A. Kimbro, the wife of the defendant, Robert L. Kimbro. No appearance was made by Robert L. Kimbro, but his wife, Melissa A., appeared and filed a petition of intervention, claiming the land, and alleging that the defendant in the action had no interest or title in it whatever. The proceedings resulted in a finding by the court that Robert L. was indebted to the plaintiff, in the action in the sum of $1,160.00, for which a judgment was rendered and the land ordered to be sold and the proceeds applied to the satisfaction of the judgment and costs. Afterwards the plaintiffs in that action, defendants in error here, began a suit in the same court, in the nature of a creditor's bill, alleging that they

had caused the property to be attached but they were un-able to sell the same for the reason that the title to the land stood in the name of Melissa A. Kimbro (plaintiff in error here), that the conveyance to her instead of her husband had been procured for the purpose of defraud-ing the creditors of the husband, and as against defendants in error was fraudulent, and asking that the title to the land for the purpose of the satisfaction of their claim against Robert L. Kimbro might be adjudged to be in him, and that it might be ordered to be sold and the pro-ceeds of the sale applied to the payment of their judg-ment. A decree was entered in favor of defendants in error in accordance with the prayer of their petition, and plaintiff in error brings the case into this court for review by petition in error.

It is suggested by defendant in error that since plaintiff in error appeared in the attachment case and filed her in-tervenor's petition that " in such case the judgment and order of sale in the attachment suit will divest her of her title and render a creditor's bill unnecessary." No au-thorities are cited to sustain this view and we are inclined to believe the statement made by counsel that they " have not found any one having enough confidence in such opin-ion to be willing to purchase under the order of sale." Section 478 of the civil code provides that, " when, in an action for the recovery of real or personal property, any person having an interest in the property applies to be made a party the court may order it to be done." But our attention has not been called to any statute of this state nor to the decision of any court where the rights of third parties to property seized in the auxiliary proceeding of attachment can be adjudicated in an ordinary action upon a promissory note.

It is insisted by plaintiff in error that as no personal judgment could be rendered against Robert L. Kimbro in the attachment proceeding, the service having been by

publication alone, that an action in the nature of a cred-
itor's bill cannot be maintained to subject the land held by
another to the payment of the judgment. That "if de-
fendants (in error) by levying the attachment upon the
land acquired a lien thereon, then it was not necessary for
them to institute proceedings in the nature of a creditor's
bill, and if they did not get any lien by reason of said
attachment, then the court certainly had no authority to
render judgment in the first case on the service by publica-
tion and attachment."

These questions have been decided by this court. In
*Keene v. Sallenbach*, 15 Neb., 203, it is said that "when
sufficient cause is shown for an attachment and one is issued
and levied upon real estate belonging to the debtor,
whether held in his own name or not, the creditor acquires
a lien upon the interest of the debtor in the land, which he
may enforce after the recovery of a judgment. When in
such case it is necessary to set aside a conveyance alleged
to be fraudulent as to creditors, an action may be com-
menced for that purpose against the alleged fraudulent
grantee and other proper parties, and it is the duty of the
court to render such decree in the premises as the testi-
mony will justify." But it is said by plaintiff in error
that it is a fundamental principle that an attaching cred-
itor can acquire no greater right in attaching property than
the defendant had at the time of the attachment. That
the property having been conveyed to plaintiff in error, it
is beyond his control, and he has lost his power over it,
and it cannot be attached to satisfy his debt. While it is
true that an attaching creditor or purchaser at judicial sale
takes no higher or greater lien or title than was held by
the defendant in the action, yet this principle is not appli-
cable to cases where property has been fraudulently con-
veyed for the purpose of defeating the right of creditors to
have the property applied to the payment of their claims.
If the title to the property is held by another as a secret

trust for the benefit of the debtor who is the real owner, and if such ownership is merely colorable such property will be deemed to be held for the benefit of creditors, and the conveyance, while good as between the parties, will be held void as to them. *Sturdevant v: Davis,* 9 Ind., 360. Bump on Fraudulent Conveyances, 215. *Power v. Alston,* 93 Ills., 587. And is subject to the process of attachment.

The case of *Kennard, Daniel & Co. v. Hollenbeck, ante* p. 363, was a case in some respects similar to the case at bar, and is decisive of the question now under consideration. In that case, although it was stipulated that a judgment had been rendered in the attachment case, yet it was also stipulated that the only service of summons was a personal service within the state of Iowa. Property, the title of which was held by a third person, was levied upon under the attachment, and after judgment an action, similar to the one in this case, was instituted for the purpose of subjecting the land to the payment of the claim of the attachment creditor. In that case it is said that "in such cases the plaintiff having obtained his attachment and a special judgment thereon can enforce his lien by an action in the nature of a creditor's bill." See also *Haswell v. Lincks,* 87 N. Y., 637. *Ward v. McKenzie,* 33 Tex., 297.

In the holding of the district court upon the foregoing questions we see no error.

The counsel for plaintiff in error contend that there was no evidence submitted to the trial court of any fraudulent intent on the part of either the plaintiff in error or Robert L. Kimbro in the matter of the conveyance of the real estate in question to plaintiff in error by her grantor, Peter B. Stauffer.

The petition of defendants in error alleges substantially that prior to the execution of the promissory note upon which the judgment against Robert L. Kimbro was obtained the defendants in error were the holders of a promissory note executed by Robert Stradden for the sum of

$1,200, the payment of which was secured by a chattel mortgage upon a stock of goods owned by Stradden.   After the maturity of the note, the maker having failed to pay it, they placed the note and mortgage in the hands of Kimbro for collection by the foreclosure of the mortgage; the proceeds to be paid over to defendants in error to the extent of $898.34, the overplus, if any, to be retained by Kimbro.   And that "solely as an evidence and memorandum of the amount of such proceeds which said Robert L. agreed to pay over to these plaintiffs (defendants in error), he executed and delivered to them a promissory note for said amount, on and bearing date the 10th day of December, 1879, and among other things it was agreed by and between said Robert L. and said Stradden and these plaintiffs (defendants in error) that said mortgaged property should be offered for sale and sold by said Robert L. for the purpose aforesaid, at retail, in the city of Sterling, Illinois."   It is further alleged that Kimbro took possession of the goods, but instead of selling them and applying the money received from such sale as directed, he exchanged them with Stauffer for the land levied upon in the attachment suit, and for the purpose of defrauding defendants in error caused the title to be conveyed to plaintiff in error without any consideration having passed from her to Stauffer or Kimbro, her husband, and that plaintiff in error had full knowledge of all the facts alleged at the time she accepted said conveyance.   It is also averred that defendants commenced the action upon the note, caused the attachment to issue and be levied upon the land, and that judgment was subsequently rendered for the amonnt due on the note, and the land ordered to be sold, and that Kimbro is insolvent.   The prayer is that the deed from Stauffer be held fraudulent, and that the land be subjected to the payment of the judgment.

The answer of plaintiff in error admitted the execution of the notes to defendants in error, but denies any fraud or

knowledge of fraud on her part, and alleges a considera-
tion paid for the land.

Upon the trial one of the defendants in error was sworn
as a witness, and detailed the facts and circumstances sub-
stantially as alleged in the petition, excepting that it is
shown that Kimbro had authority to dispose of the mort-
gaged goods—either at wholesale or retail—as he saw fit.
The proof of his insolvency is not definite nor convincing;
and no proof is offered anywhere of any fraudulent intent
upon the part of either Kimbro or his wife (plaintiff in
error) at the time of the execution of the deed by Stauffer,
or at any other time.   The note and a transcript of the
attachment proceedings and judgment were also introduced
in evidence.

Kimbro and wife (plaintiffs in error) were each sworn on
the part of the defense.   Kimbro admitted the execution
of the note to defendants in error, but testified it was exe-
cuted to them for the amount due them upon the note and
mortgage, and that he took the note and mortgage as his
own, his note being given for the amount found due on
final settlement, and that no contract or agreement was
made whereby he was to return to defendants in error any
part of the proceeds of the goods; that he sold of the goods
in Sterling, at retail, for about six weeks, and then traded
them to Stauffer for the land in Lancaster county.   The
deed was not executed until about a year after the trade,
and not until he had commenced an action against Stauffer
for the specific performance of the contract, when a settle-
ment was made and the deed executed.   They both testi-
fied that Mrs. Kimbro had previously furnished her hus-
band five hundred dollars of money received by Mrs.
Kimbro from her father, and at her request the land was
deeded to her in consideration of the money furnished her
husband.   In the direct testimony of Mr. Kimbro he stated
that at the time of the execution of the note to defendants
in error they wanted to make a settlement; they were in

debt some, and were afraid he would be garnished for what
they owed; that they wanted to make a settlement and get
it out of the way of their creditors. The final settlement
was made and the note given. This witness was cross-
examined by Mr. Ward, who was a witness on behalf of
defendants in error, but no mention is made of this partic-
ular fact detailed. W. S. Ward, one of the defendants in
error—the one who transacted the business with Kimbro—
was called as a witness in his own behalf on rebuttal, but
no contradiction of the facts stated by Kimbro is made by
him. This statement must be taken as true. If true it
tends very strongly to contradict the theory of defendants
in error, that the note was given solely as a memorandum,
and the proceeds of sale of the goods belonged to them un-
til their claim was paid.

It is evident from the record and the briefs of counsel
that the decision of the district court was founded upon the
theory of the case contended for by defendants in error—
that the goods traded by Kimbro for the land constituted
a kind of trust fund for the payment of their debt against
Stradden—rather than any proof of fraud in the transfer
of the land to Mrs. Kimbro. The testimony of both Kim-
bro and his wife is virtually uncontradicted. The cross-
examination of the husband failed to develop anything in
favor of defendants in error, and Mrs. Kimbro was not
cross-examined at all.

Assuming, as we may safely do, that the decision was
founded upon the theory above suggested, it becomes im-
portant to inquire whether or not the facts presented by
the petition and evidence, if true, can in any view sustain
the decree. The note was executed as alleged, on the sixth
day of December, 1879. The goods were traded for the
land as alleged. The deed was not executed until in No-
vember, 1880, after the commencement of an action to
compel its execution. On the nineteenth day of Decem-
ber, 1881, an ordinary action at law was commenced upon

the note given by Kimbro to defendants in error, an attachment was issued and levied upon the real estate in question, and a judgment at law was taken for the amount found due upon the note. In all these proceedings no mention is made of any equities growing out of the consideration in favor of defendants in error. If such equities existed they were clearly abandoned by defendants in error, and in so far as this action is concerned they stand in no better attitude before the court than any other creditor with a just debt would stand. The question of the consideration for the note must be wholly eliminated, and if defendants in error succeed in the action at all it must be upon the ground that the deed from Stauffer to plaintiff in error was in fraud of the creditors of Robert L. Kimbro.

This being our view of the case it follows that the decision of the district court must be reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.

THE other judges concur.