EDWIN A. BOOTH and ENOCH S. WILLIAMS, Appellants, *v.* S. GORDON FULLER and J. MAUD WARNER, Respondents.

*Deed — when executed by a person* non compos mentis *it is void — action in equity by a judgment creditor of an heir of the deceased grantor to cancel it.*

A deed executed by a person at the time *non compos mentis,* is absolutely void at law, and a grantee, claiming equitable rights thereunder, has imposed upon him the burden of proving them.

Where such a deed is a cloud upon the title to real property, although no fraud is shown, a judgment creditor of an heir of the party by whom such deed was signed may maintain an action in equity to cancel it.

APPEAL by the plaintiffs, Edwin A. Booth and another, from a judgment of the Supreme Court in favor of the defendants, entered

**118** BOOTH *v.* FULLER.

in the office of the clerk of the county of Tioga on the 4th day of May, 1898, upon the report of a referee dismissing the complaint.

The plaintiffs are judgment creditors of the defendant S. Gordon Fuller, having recovered a judgment against him on the 1st day of July, 1891, for $608.54 upon a debt existing prior to March 30, 1891. After the return of the execution unsatisfied, the plaintiffs, in February, 1896, commenced this action to set aside and cancel as void a deed of certain real estate from Radeker J. Fuller to the defendant J. Maud Warner, dated March 13, 1891, purporting to be acknowledged March 30, 1891, and recorded June 1, 1891. The consideration stated is one dollar, and the referee finds the premises to have been of the value of $1,000. Radeker J. Fuller was then the owner of the premises and he died intestate on the 8th of April, 1891. S. Gordon Fuller was his sole heir at law. The defendant Warner is the daughter of S. Gordon Fuller. The decedent was at the time about eighty-two years of age, and he had had just before an attack of cerebral apoplexy. The referee finds " that his mind was so impaired he could not and did not fully appreciate what he did with reference to said deed ; he could not comprehend the contents of the deed or appreciate its force and effect, and his mind could not and did not fully assent to either the execution or the delivery of the said deed." He also finds that what the decedent did with reference to the deed was through the management and assistance of S. Gordon Fuller, who did the same with the design and intent of preventing the plaintiffs from collecting their debt out of any property which might come to him as the heir of the decedent ; that there was no evidence of consideration except such as was afforded by the deed itself ; that the defendant Warner was not a party to the scheme of the defendant Fuller to prevent the plaintiffs from recovering their claim, and was ignorant of his intentions in that respect, though she had knowledge of the condition of the decedent at the time.

As matter of law the referee found that the deed is not void and a nullity, but is voidable merely ; that the plaintiffs have no equities that entitle them to be heard to question the validity of the deed ; that the plaintiffs have no such interest in the subject-matter as entitles them to a standing in court to question the sanity of the grantor or the validity of the deed.

*Martin S. Lynch,* for the appellants.

*J. S. Gross,* for the respondents.

MERWIN, J. :

The case was evidently disposed of by the referee on the theory that, although the grantor in the deed was of unsound mind at the time, still the plaintiffs were not in a position to attack the deed.

If the deed was simply voidable, that might perhaps be so (*Jackson* v. *Gumaer*, 2 Cow. 552), but under the authorities a deed executed by a person *non compos mentis* is absolutely void at law. (*Van Deusen* v. *Sweet*, 51 N. Y. 378; *Riggs* v. *American Tract Society*, 84 id. 330; *Goodyear* v. *Adams*, 5 N. Y. Supp. 275; affd., 119 N. Y. 650.) If a grantee under such a deed claims equitable rights, the burden is on him to show it. (*Riggs Case, supra.*)

If the deed was void at law, then at law the title descended to the heir, the plaintiffs' judgment became a lien thereon, and they were entitled to the usual remedies in aid of its enforcement. Actions are often entertained in equity to aid the enforcement of a lien by removing apparent obstructions. (*Erickson* v. *Quinn*, 15 Abb. Pr. [N. S.] 166; *McCaffrey* v. *Hickey*, 66 Barb. 489; *Crippen* v. *Hudson*, 13 N. Y. 166.) Relief may be had, as said in *Clarkson* v. *De Peyster* (3 Paige, 320, 322), by clearing the real estate from any incumbrance improperly or fraudulently interposed. Prior judgments, which are apparent liens, though in fact paid, may be canceled, though no fraud is shown on the part of the debtor; and it is no answer to say that the judgment creditor may sell on execution, regardless of the pretended prior judgments. (*Shaw* v. *Dwight*, 27 N. Y. 244.) In *Stowell* v. *Haslett* (5 Lans. 380) it was held that a mortgage void between the parties may be removed in equity as an obstruction to the collection of a judgment against the mortgagor, although no fraud was shown. It would, therefore, seem that the right to have obstructions removed was not limited to cases of fraud, but would reach any case where the obstruction was improperly there.

In *Thompson* v. *Van Vechten* (27 N. Y. 585) it is said that an usurious mortgage is utterly void against all other parties having liens on the property. An execution creditor, it is said, may seize

and sell it, and thus try the validity of any prior charge or incumbrance on that ground. (*Dix* v. *Van Wyck*, 2 Hill, 522, 525.) If the deed in question had been a forgery, the plaintiffs could have sold the property on their execution, and the purchaser, after the time of redemption had elapsed, could have maintained an action to set aside the deed as a cloud on his title. (*Remington Paper Co.* v. *O'Dougherty*, 81 N. Y. 474.) In principle there would be no difference whether the deed was void as forged, or void because of the unsoundness of mind of the grantor. In either case it would seem reasonably clear that the judgment creditor had a lien and could sell all the interest of the debtor in the property. If so, he was not obliged to sell on execution for such price as he could get and let the purchaser contest the question, but he could first bring his action for the removal of the obstruction. (*Erickson* v. *Quinn*, *supra;* Bish. Insolv. Debt. [3d ed.] 342.) Such a suit is deemed to be in aid of the enforcement of the judgment, and an outstanding execution was not necessary to entitle the plaintiffs to relief (*Haswell* v. *Lincks*, 87 N. Y. 637), an execution having been issued and returned unsatisfied before the commencement of the suit. Equitable relief is given for the reason that the obstruction interposed prevents a sale of the property at a fair valuation. (*Jones* v. *Green*, 1 Wall. 332.)

If the grantor in the deed in question was of unsound mind, and the deed, therefore, void as held in the *Van Deusen* case, we see no good reason for denying the plaintiffs the opportunity of removing that obstruction to the enforcement of their judgment. Were the obstruction a judgment or a mortgage against the ancestor, which had in fact been paid, the judgment creditor of the heir could without doubt have compelled its cancellation. The judgment creditor is not a stranger to the title. (*Dix* v. *Van Wyck*, *supra*.) True, the plaintiffs had no claim against the grantor, but if his act was a nullity and the title descended to the heir, the fraudulent conduct of the heir in procuring the apparent deed should not affect plaintiffs' right to reach the debtor's property.

We think the referee erred in holding that the plaintiffs had no standing to question the sanity of the grantor or the validity of the deed, and that, the case having been disposed of on that theory, the plaintiffs are entitled to a new trial. The referee did not in terms

find that the grantor was of unsound mind, but he found facts that pointed directly to that conclusion. No equities were shown on the part of the grantee that should interfere with the enforcement by the plaintiffs of any lien which they at law possessed.

All concurred.

Judgment reversed, referee discharged and a new trial granted, costs to abide the event.