FRED KRUG BREWING COMPANY ET AL. V. PETER HEALEY.*

FILED APRIL 21, 1904.    No. 13,317.

1. **Petition.** Petition examined, and *held* to state a cause of action.

2. **Conversion: ATTACHMENT: JUDGMENT.** In an action for conversion of property taken from the possession of plaintiff, where defendants justify under an order of sale of attached property upon judgment against plaintiff's vendor, defendants must, at all events, show a valid judgment in the attachment case before he can question plaintiff's title.

3. **Plea of Res Judicata.** In such action, a plea of *res judicata* against plaintiff's title is not sustained by proof that plaintiff, who was made defendant in the attachment case, but against whom no judgment was rendered therein, had moved to discharge the attachment and his motion had been overruled. *Kimbro v. Clark*, 17 Neb. 403.

4. **Evidence: MOTION TO STRIKE.** A motion to strike out certain evidence of proceedings in such attachment case, *held* properly sustained, when the evidence was closed without proof of the affidavit, writ, levy of the writ, or final judgment therein having been offered.

5. **Verdict: No ERROR.** Where the verdict found is the only one proper under the pleadings and evidence, so that it should have been directed by the court upon the motion made, there is no prejudicial error in the manner in which the case was submitted to the jury.

ERROR to the district court for Cuming county: GUY T. GRAVES, JUDGE. *Affirmed.*

* See opinion on motion for rehearing, p. 667, *post.*

*Charles F. Tuttle* and *Allen & Reed,* for plaintiffs in error.

*P. M. Moodie, A. R. Olson* and *A. G. Burke, contra.*

GLANVILLE, C.

The defendant in error commenced an action in the district court for Cuming county against the plaintiffs in error to recover for the conversion of a stock of saloon goods and some saloon fixtures, and had judgment. Three petitions in error are filed, containing 54 assignments each, but they are identical except that one is a joint petition by the plaintiffs in error and the others are their separate petitions. Under the pleadings and evidence, both, if either, are liable, and the case will be discussed upon this theory. In the condition of the record and the contentions of parties, it would be very difficult to make a full connected preliminary statement of the case without making it unreasonably long, and we prefer to make the necessary statement in connection with the contentions as we discuss them.

The first contention is that the petition does not state a cause of action, and the point, if good, is saved by the record. Much argument in the briefs is made on this point, but it is not worthy of extended discussion. The petition shows that the defendant in error was in possession of the property involved; that he had a special ownership therein by virtue of a bill of sale, a copy of which is set out; that the bill of sale was given to him as security for $180 lent to the owner of the property who gave the bill of sale, which was past due and unpaid, and also to indemnify him as surety for such owner upon notes amounting to $800 which he had been compelled to pay, and no part of which had been repaid to him. Copies of the notes are set out showing that they were past due. It alleges an unlawful and wrongful taking and conversion of the property by the plaintiffs in error. The petition is sufficient.

Plaintiffs in error answer jointly, and admit the existence of the bill of sale, but allege that the bill of sale was fraudulent and made for the purpose of defrauding the creditors of Fred Kruger; that it was made March 17, 1901, and not placed upon record until the 22d day of that month; that the defendant in error took possession of the saloon and fixtures on that day; "that becoming heavily indebted to various creditors, among others, the Fred Krug Brewing Company, the said Kruger" made the bill of sale in question, and that defendant in error placed it on record and took possession "for the purpose and with the intent of hindering, delaying and defrauding the said creditors." They then attempt to plead *res judicata,* and their plea may be summarized as follows: They allege that, in an action in the county court wherein the Fred Krug Brewing Company was plaintiff and Fred Kruger and the defendant in error were defendants, the defendants therein moved the court to dissolve an attachment; that upon the hearing of the motion, defendant in error appeared in person and by attorney; that evidence was taken upon the motion to discharge the attachment; and that the motion was overruled. As a further statement of such plea, we quote from the answer as follows:

"For further answer the defendants show to the court that, upon a final hearing in said cause, upon evidence and argument submitted to said court, all the issues now brought and sought to be made in this pretended present action were adjudicated, and it was ordered and adjudged by the county court that the said pretended bill of sale was fraudulent and void, and conveyed to the said Healey no right, title or interest, in or to the goods and chattels, herein described, and it was further ordered that said Felix Gallagher, as such sheriff, sell the said goods, as the goods of said Fred Kruger, to satisfy a debt therein adjudged to be due and owing the said Fred Krug Brewing Company." They then alleged that the property in question was sold by virtue of an order of sale issued in that action; that "the said Felix Gallagher justifies his acts in

that regard under a valid and sufficient proceeding of said court in said cause," and that no appeal or error was prosecuted from the county court. The reply is a general denial. No other or more specific allegation of any indebtedness or final judgment than those above quoted are found in the answer.

The record in this case is in a very unsatisfactory condition. A great mass of exhibits in the way of letters, telegrams, checks, notes, bills, receipts, affidavits and orders, some 75 in number, are found in the bill of exceptions, with no index to help in finding what is material for us to consider. We have examined the record in regard to each of the 54 assignments of error, and find no one of them sustained in the view we take of the case, and a discussion of them in detail would be of no value to the profession.

One of the main contentions is in regard to the plea and proof of *res judicata.* It is contended by the plaintiffs in error that the court erred in not submitting this question to the jury upon proper instructions. We think there was no error in this regard. The plea that the rights of the parties had become *res judicata* by the overruling of a motion to discharge an attachment is bad under the ruling in *Kimbro v. Clark,* 17 Neb. 403. In that case, a husband being sued in attachment, the wife intervened and claimed title to the attached property, and it was held that, upon creditors' bill against the wife to subject the property, a judgment against the husband and an order that the attached property be sold will not debar the wife from claiming title, notwithstanding such intervention. Moreover, the pleadings in this regard were not sufficiently shown, if such a plea were good. The original affidavit for an attachment was not offered, and therefore the grounds alleged for the attachment are unknown. The motion to discharge was made on the grounds: "1st. Because the facts stated in the affidavit are not sufficient to justify the issuing of the same. 2d. Because the statement of facts in said affidavit are untrue." The ruling upon the motion is:

"The court finds that defendant has not presented sufficient proof to sustain his motion to dissolve said attachment, and that motion should be overruled. Motion is overruled." The record is insufficient to show an adjudication of defendant in error's claim or title.

After spending much time in analyzing the record, we are confident that the only verdict that could properly be rendered upon the pleadings and evidence is the one found by the jury. The plaintiffs in error sought to justify under an attachment and order of sale. They have failed in their evidence in this regard, even if all that was offered were received. No affidavit for attachment was shown, no writ of attachment was offered, no levy was pleaded or proved; in fact, what was offered as a return to the writ is only an inventory and appraisement, and Gallagher's testimony shows that he broke into the building and took possession of the property by direction of the brewing company's agent, in the absence of the defendant in error, and it almost conclusively shows that no valid levy was made. Again, no final judgment in the attachment is pleaded, and no proof of any such judgment was offered, outside the recitals of the order of sale, and such recitals show that the action against defendant in error was dismissed. Such recitals are insufficient in such case to prove judgment, if one were well pleaded, which is doubtful. Section 127 of the code reads:

"In pleading a judgment, or other determination of a court or officer of special jurisdiction, it shall be sufficient to state that such judgment or determination was duly given or made. If such allegation be controverted, the party pleading must establish, on the trial, the facts conferring jurisdiction."

Complaint is made because, after the evidence was closed, the court struck out all that had been introduced showing what had been done in the attachment case. This was proper when no proof of the affidavit, writ, levy of the writ, or final judgment had been offered. The court should have instructed a verdict for the defendant in error. The

jury having found such a verdict, the judgment thereon should be affirmed.

We therefore recommend that the judgment of the trial court be affirmed.

FAWCETT and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

The following opinion on motion for rehearing was filed November 16, 1904. *Motion denied; and motion and brief stricken from files:*

1. **Conversion:** PETITION. One who has possession of personal property, claiming a lien thereon, may maintain an action for conversion against one who wrongfully attaches the property. It is not necessary, in such case, to set out in the petition the particulars of his lien.

2. **Chattel Mortgage:** FRAUD: PRESUMPTION. The presumption of fraud which the statute raises against a mortgagee who fails to take immediate possession of the things mortgaged, is not available to one who attaches the property after the mortgagee has taken it and while he has actual possession thereof under his mortgage.

3. **Attachment:** RES JUDICATA. A ruling made upon a motion to dissolve an attachment is not *res judicata* of the facts involved therein, as against one who, though a party to the proceedings at the time of the ruling, is dismissed therefrom by the final judgment entered in the action.

4. **Briefs.** The court will, on its own motion, strike from the records a motion and brief which contain personal criticisms of a commissioner of this court, and of his character and motives in the performance of his official duties.

BY THE COURT: Upon the motion for rehearing in this case it is contended:

1. That the petition was insufficient because it failed to allege the particulars in regard to the mortgage lien; but, in the argument upon this point, the plaintiffs in error have overlooked the fact that the petition alleges that the

plaintiff below had possession of the property at the time of the attachment, which constitutes the act of conversion complained of. One who is in possession of property claiming a lien thereon may maintain an action of conversion against one who wrongfully attaches the property.

2. It is contended that the commissioner has not recognized the statute which provides that a chattel mortgage shall be presumed to be fraudulent, unless the same be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the things mortgaged. But here again the fact is overlooked that the petition alleges, and the preponderance of the evidence shows, that the mortgagee had taken actual possession of the property before the attachment complained of. Under such circumstances, there is no presumption of fraud against the mortgagee in favor of an attaching creditor. *Chaffee v. Atlas Lumber Co.*, 43 Neb. 224.

3. It is also contended that the defense of *res judicata* was established upon the trial. This defense is predicated upon the ruling of the court in the attachment proceedings refusing to dissolve the attachment, but as the attachment proceedings were ancillary only to the main action, and the plaintiff Healey was dismissed from the action by the final judgment rendered therein, the ruling upon the motion to dissolve the attachment would not be *res judicata* as to him. Such ruling does not become *res judicata*, unless it is necessarily involved and confirmed in the final judgment in the case. It was therefore unnecessary to determine what effect it would have had upon the rights of the parties in the property if the defendant Healey had been a party to the final judgment.

4. It is asserted in the brief upon the motion for rehearing that the issues involved in the case are not correctly stated in the opinion, but there is no merit in this assertion.

5. There are in the brief unjust, querulous and unfounded criticisms of the reasoning and the motives of the commissioner who wrote the opinion. These criticisms are

of so personal and offensive a nature as to call for an expression of disapproval on the part of the court. The commissioners are officers of the court. They are called upon by the laws of the state to perform important and arduous duties in the transaction of the business of the court. They are entitled to the same confidence and respectful treatment that is accorded to the court itself. The brief itself is not fit to remain upon the records of the court. The counsel for the plaintiffs in error have gone so far as to insert offensive expressions in the motion itself. In addition to this, and as above pointed out, there is no merit in the motion. It is therefore ordered that the motion for rehearing and the brief filed thereon be stricken from the records of the court.

MOTION DENIED; AND MOTION AND BRIEF STRICKEN
FROM FILES.