LOUIS ROUTENBERG, Appellant, *v.* MORRIS SCHWEITZER, Respondent.

1. MUNICIPAL COURT OF THE CITY OF NEW YORK — JURISDICTION OVER NON-RESIDENT NATURAL PERSONS HAVING PLACE OF BUSINESS IN THE CITY. The Municipal Court of the city of New York obtains jurisdiction over a non-resident natural person having a place of business in the city by the service of a long summons.

2. POWER OF LEGISLATURE TO CONFER JURISDICTION. The legislature had power to confer jurisdiction upon the Municipal Court of the city of New York in actions for the recovery of money only against non-resident natural persons having a place of business in the city.

*Routenberg* v. *Schweitzer*, 50 App. Div. 218, reversed.

(Argued November 12, 1900; decided December 11, 1900.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, made April 2, 1900, which affirmed a determination of the Appellate Term reversing a judgment in favor of plaintiff of the Municipal Court of the city of New York.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Thaddeus D. Kenneson* for appellant. The Municipal Court had jurisdiction to render the judgment in this action. (Const. of N. Y. art. 6, §§ 14, 18 ; *Sperry* v. *Major*, 1 E. D. Smith, 360 ; *Hatfield* v. *Atwood*, 15 Civ. Pro. Rep. 330 ; *Gibbon* v. *Freel*, 93 N. Y. 93.)

*Abraham S. Weltfisch* for respondent. The Municipal Court of the city of New York acquires no jurisdiction over a non-resident defendant unless he be served with a summons returnable not more than four, or less than two, days from the date of its issuance. (L. 1882, ch. 410, § 1298 ; *Willins* v. *Wheeler*, 8 Abb. Pr. 116 ; *Harriet* v. *Van Cott*, 2 Hill, 285 ; *Thompson* v. *Sayre*, 1 Den. 175.)

PARKER, Ch. J. The plaintiff obtained a judgment in the Municipal Court of the city of New York against the defendant for $195. Subsequently the Appellate Term of the Supreme Court, first department, reversed the judgment on the ground that the trial court was without jurisdiction, and that decision was in turn affirmed by the Appellate Division, which thereafter made an order granting the plaintiff leave to appeal to this court and certifying therein that in its opinion a question had arisen that should be reviewed by the Court of Appeals, which question it stated as follows :

"Had the Municipal Court of the City of New York, Borough of Manhattan, in and for the Fourth Judicial District, jurisdiction to render the judgment in this action ? "

The cause of action sued on was one for goods sold and delivered. Defendant's counsel, upon the return day of the summons, objected " to the jurisdiction of the court on the ground that the defendant is a non-resident, and has been served with a long summons, under section 1298 of the Consolidation Act ; a defendant who is a non-resident should be served with a summons returnable in not less than two nor more than four days, while in this case the summons has been made returnable in twelve days."

In this court, as in the trial court, defendant's only conten-

tion is that the failure of the latter court to acquire jurisdiction was due to the fact that the defendant was not served with a summons returnable within the period of time specified by section 1298 where the defendant is a non-resident.

At the time this suit was begun that section provided that where the defendant is a non-resident of the city of New York the summons should be returnable " in not less than two or more than four days from its date," and that in all other cases it must be returnable not more than twelve days from its date. Subdivision 3 of section 1370 of the new charter, which was at that time in force, however, provided that " No person who shall have a place in said city for the regular transaction of business shall be deemed a non-resident under the provisions of this title." The effect of this section was to create an exception to section 1298, in that it authorized a non-resident defendant having a place for the regular transaction of business in the city to be treated as a resident, and in such case it follows that the summons may be returnable in not less than twelve days from its date. There was nothing in the summons, or in the marshal's return indorsed thereon, to apprise the court that defendant was not a resident of the city of New York, and, therefore, on its face it was regular in form. The defendant, appreciating this fact, attempted to show that it was irregular, and to that end presented affidavits tending to show that it was irregular because, *first*, the defendant was not a resident of the city of New York, and, *second*, that the defendant had no place in the city of New York for the regular transaction of business. The plaintiff, on the other hand, presented affidavits tending to establish that the defendant had a place for the regular transaction of business at No. 32 Chrystie street in the city of New York. The court subsequently announced that " It had reached the conclusion on the affidavits then presented that the defendant had a place of business in this city," and thereupon overruled the defendant's objection that the court was without jurisdiction. As it cannot be said that the affidavits were insufficient to support the determination of the trial court that the defendant had a place of business in

the city of New York, it follows that the procedure was authorized by statute, and the only ground remaining on which jurisdiction may be challenged is that it was not competent for the legislature to provide that a non-resident having a place for the regular transaction of business in the city of New York should be treated as a resident.

The contention in that regard is that the Municipal Court is a new inferior local court created by the legislature since the Constitution of 1894 went into effect, which in effect prohibits the legislature from conferring upon such a court jurisdiction of an action for the recovery of money only where the defendant is a non-resident of the city of New York. This was the conclusion reached by the Appellate Division following the case of *Worthington* v. *London Guar. and Ac. Co.* (47 App. Div. 609). That case holds that the Municipal Court of the city of New York is a new inferior court of local jurisdiction created since January 1st, 1895, and, therefore, the attempted gift to it of jurisdiction over foreign corporations having a place of business in the city of New York is repugnant to the Constitution. But on an appeal to this court it was held that the Municipal Court is not a new court, but instead a continuation of the District Courts of the old city of New York and of the Justices' Courts of the first, second and third districts of the old city of Brooklyn under a new name. ( *Worthington* v. *London Guar. and Ac. Co.,* 164 N. Y. 81.) The grounds for the decision need not be again referred to, for it is sufficient for our present purpose to say that that decision covers this question. The only distinction between that case and the present, as to the question now under consideration, is an immaterial one. The defendant in that case was a non-resident corporation, but in this one is a non-resident natural person. As it is held in that case that the legislature had rightfully conferred jurisdiction in actions for the recovery of money only on the Municipal Court against non-resident corporations, it follows that it must be held that it also had the power to confer similar jurisdiction in the case of non-resident natural persons.

The question certified should be answered in the affirmative and the orders of the Appellate Division and Appellate Term should be reversed, with costs to the appellant, and the judgment of the Municipal Court affirmed.

GRAY, O'BRIEN, HAIGHT, LANDON, CULLEN and WERNER, JJ., concur.

Orders reversed, etc.