(45 Misc. Rep. 637)

### MIDLER v. LESE et al.

(Supreme Court, Appellate Term. December 7, 1904.)

1. APPEAL—RECORD—INDEFINITENESS—DISMISSAL.

Where, in case an appeal from a judgment in favor of defendant should be dismissed, great injury would probably result to appellant, the appeal will not be dismissed on the ground that certain of the statements in the record, concerning the trial, were indefinite and uncertain.

2. SUPPLEMENTARY PROCEEDINGS—RECEIVER—RIGHT TO PROPERTY.

Where, in an action to recover certain money, a receiver alleged to have been appointed in supplementary proceedings against the original owner, through whom plaintiff claimed by assignment, filed claim to the fund, but no judgment in favor of the creditor in the supplementary proceedings against the owner of the fund was shown, and no evidence was introduced that the receiver had ever qualified as such, or entered on the duties of his office, a judgment in favor of such receiver was erroneous.

3. JURISDICTION—CONSENT.

Jurisdiction of the action cannot be conferred on the court by consent.

4. SAME—APPEAL—TIME—TIME OF OBJECTION.

The question whether the court had jurisdiction of the action may be raised at any time.

5. SAME—MUNICIPAL COURT—INTERPLEADER.

Under Municipal Court Act (Laws 1902, p. 1546, c. 580) § 187, providing that the court may permit a defendant to interplead in an action on contract, or in an action to recover a chattel, only where the application for leave to interplead is made "before answer," an order granting defendant leave to interplead in an action for "conversion of personal property," in which plaintiff claimed that defendant was liable to arrest, after defendant had answered by general denial, was void.

6. SAME—STIPULATIONS—RELEASE.

Where plaintiff consented, after defendant had been erroneously permitted to file a bill of interpleader, that he should be relieved from liability on payment of the money sued for into court, which he did, and another claimant of the fund was improperly substituted as defendant, plaintiff thereby divested the court of jurisdiction as to the original defendant.

7. MUNICIPAL COURT—EQUITY JURISDICTION—ASSIGNMENTS—VACATION.

Under Municipal Court Act (Laws 1902, p. 1490, c. 580) § 2, subd. 2, providing that the Municipal Court of the City of New York shall have no equity jurisdiction except of an equitable defense in summary proceedings, such court has no jurisdiction to set aside an assignment of money for fraud.

8. SAME—PLEADING—ANSWER—GENERAL DENIAL.

An assignment of certain money sued for could not be set aside for fraud, under an answer containing a general denial only.

---

¶ 3. See Courts, vol. 13, Cent. Dig. §§ 75, 76.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Samuel Midler against Frederick Lese and another. From a Municipal Court judgment in favor of defendants, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Max Schleimer, for appellant.

Jacob Gordon, for respondents.

GILDERSLEEVE, J. The return in this case comes up before us made up in a very careless and negligent manner. Litigants, and especially the appellant, should see to it that the record correctly recites the proceedings in the court below before submitting it for our consideration. The return in this case states, and the clerk of the Municipal Court so certifies, that the summons in the action was issued April 4, 1904, returnable April 15, 1904. That upon April 15, 1904, the parties appeared, and the "plaintiff complained against the defendant, filing verified complaint, which is hereto annexed, and forms part of the return, as follows: Conversion of personal property." That the defendant answered, filing verified answer, etc., as follows: "General denial, demand bill of particulars, counterclaim $350." No written pleadings of any kind are attached. The return then proceeds to state that the cause was "thereupon adjourned until April 22, 1904, * * * and again from time to time until the 13th day of April, 1904; that on said 13th day of April, 1904, both parties appeared and, a jury having been duly demanded and impaneled, the said cause was tried." There is nothing whatever in the record showing that the cause was tried by a jury, or that it was tried on April 13, 1904. The return then recites that upon April 20, 1904, an order was made substituting Henry C. Stimpson as receiver, etc.

If from an examination of the entire proceedings it was not clear that great and possibly irreparable injury would be done the appellant herein by a dismissal of the appeal, that course would be taken, but such inspection leads us to the conclusion that, unless the errors committed on the trial are corrected, injustice may be done. We must assume that the pleadings were oral, and the plaintiff's bill of particulars may be resorted to in order to ascertain upon what facts he bases his cause of action. In his bill of particulars he sets forth, in substance, that on or about July 3, 1903, one Rebecca Friedman deposited with one Frederick Lese the sum of $1,560, to be by him applied to the payment of taxes, etc., upon certain premises, and the balance, if any, to be returned to said Friedman; that Lese expended the sum of $1,200 for the purpose designated, leaving a balance in his hands of $356; that on July 10, 1903, said Friedman, in writing, duly assigned all her interest in said fund to one Harris Medler, who in turn, upon February 11, 1904, then assigned his interest therein, in writing, to this plaintiff; that demand was duly made upon Lese for said sum of $356, and that payment thereof by him was refused. This bill of particulars is dated April

25, 1904, and further recites "that on April 20, 1904, an order was entered in this action substituting Henry C. S. Stimpson as receiver of the assets and property of said Friedman as defendant herein; that no part of said sum has been paid, and the same is still due and owing." It appears from an affidavit filed by Lese that an action had been commenced in the City Court by said Stimpson, as receiver, and was pending when the present action was brought. In the City Court action a motion was made for an order of interpleader, which motion was withdrawn in order to enable Lese to make such a motion in this action. The affidavit then sets forth that he has the sum of $356 in his possession, and that plaintiff herein, and Stimpson, as receiver, make claim thereto, and he therefore asks that he be allowed to pay said sum into court, be relieved from all liability, and that Stimpson, as receiver, etc., be substituted as defendant. Thereupon the plaintiff's attorney and Stimpson's attorney filed a written consent that an order might be entered in this action, which order recited "that Henry C. S. Stimpson, as receiver of the assets and property of Rebecca Friedman, be substituted as the defendant herein in place and stead of Frederick Lese, the defendant above named, and that the summons and all proceedings herein be amended accordingly, and that Henry C. S. Stimpson, as receiver of the assets and property of Rebecca Friedman, appear and answer the complaint herein at the above-named court on April 22, 1904, at 10 o'clock in the forenoon of that day, and the defendant herein be discharged from all liability to either the plaintiff above named, or to said Henry C. S. Stimpson, as receiver of the assets and property of said Rebecca Friedman." No answer whatever appears in the record, however, as having been filed on the part of Stimpson, receiver, etc., the substituted defendant. On May 13, 1904, the case proceeded to trial. Upon the trial the allegations set forth in plaintiff's bill of particulars were proven by proper and legal testimony introduced by the plaintiff, who then rested. The defendant thereupon offered some testimony showing that Friedman, the assignor, and Harris Medler, the first assignee, had made certain statements after July 10, 1903, the date of the assignment from Friedman to Medler, to the effect that Mrs. Friedman was still the owner of the fund then in the hands of Lese, and also that application had been made to a notary by said Friedman and Medler in November, 1903, to have an assignment of the fund drawn up and dated back a few months. The defendant also offered in evidence an affidavit and order in supplementary proceedings instituted in the City Court, in which affidavit it is set forth that in the Municipal Court of the City of New York on the 26th day of August, 1903, a judgment was entered in favor of the plaintiff, and against the defendant, in an action in which one Kaplan was plaintiff and Rebecca Friedman was one of the defendants. The order was dated December 1, 1903, the examination of said Friedman was taken under said order December 5, 1903, and an order based upon such examination was entered January 23, 1904, which last order appointed H. C. S. Stimpson receiver of the prop-

erty, etc., of said Rebecca Friedman, upon duly qualifying, filing a bond, etc.

In rebuttal of defendant's testimony as to when the assignment from Friedman to Harris Medler was made, the plaintiff proved by the attorney who drew the assignment, the notary who took the acknowledgment of Mrs. Friedman thereto, and by Mrs. Friedman and Harris Medler, that such assignment was made at the time it bore date, viz., July 10, 1903, that it was executed on that day, that Medler paid the sum of $300 in cash to Mrs. Friedman at that time for the claim, and that the assignment was delivered to Harris Medler upon said 10th day of July, 1903. Harris Medler and Mrs. Friedman also denied making the statements regarding the making of the request to have an assignment of the claim made and dated back, as testified to by defendant's witnesses. Judgment was given in favor of the defendant, and against the plaintiff.

It may be presumed that if this judgment is allowed to stand and the appeal dismissed, as might well be done for the indefinite and uncertain statements contained in the record and hereinbefore referred to, the defendant might regard such judgment in his favor as vesting him with authority over and control of the fund now in the hands of the clerk of the court, to which fund he has not shown himself legally entitled. The judgment in favor of the defendant is not justified either in law or in fact. No judgment was shown to have been entered against Mrs. Friedman in favor of Kaplan. No judgment roll was offered in evidence, which roll would have been the best evidence if such judgment existed. The defendant Stimpson was not shown to have qualified as receiver, or to have ever entered upon the duties of his office, and the judgment given was against the weight of evidence.

I am also of the opinion that by the acts of the parties the court below was absolutely divested of jurisdiction. The action was brought in conversion. The summons contained an indorsement that "plaintiff claims that defendant is liable to arrest and imprisonment in this case." The only complaint mentioned in the return is for "conversion of personal property." The defendant Lese answered by a "general denial," etc. Section 187 of the Municipal Court Act (Laws 1902, p. 1546, c. 580), under which the defendant Lese was allowed to interplead, and under which the court made the order of interpleader, permits a defendant to interplead in an action "upon contract, or in an action to recover a chattel" only, and the application for such leave to interplead must be made "before answer." Lese had answered prior to his application to interplead, and, as before stated, the action is for conversion. No amendment of the complaint was asked for or made, and Stimpson, the substituted defendant, made no answer at all.

The plaintiff voluntarily released the defendant Lese from liability, and practically discontinued the action as to him, and Stimpson was improperly made a defendant in his place, without authority of law. The question of jurisdiction can be raised at any time. Jurisdiction of the action cannot be conferred upon the court by consent. O'Reilly v. N. B., A. & N. Y. Steamboat Co., 28 Misc.

Rep. 116, 59 N. Y. Supp. 261; Davidsburgh v. Insurance Co., 90 N. Y. 526.

The appellant now raises the question and asserts that the order of interpleader was void, and with this we agree; but he also asks that the judgment herein be reversed and a new trial ordered. Had the appellant objected to the substitution of Stimpson as defendant, he would have preserved his rights, and would have been in a position to have insisted that Lese was improperly released; but while a party cannot by consent confer jurisdiction upon a tribunal that does not otherwise possess it, either one may consent that the other may be relieved from liability, and the plaintiff herein having consented that upon payment into court by Lese of the sum he was sued for he should be released from liability to the plaintiff, and Lese having disclaimed any right to the fund in question and complied with such condition, a reversal of the judgment herein and the ordering of a new trial would not restore Lese to the position of defendant. Plaintiff by his own act divested the court of jurisdiction as to Lese, and released him from liability. Even if this court had power to restore Lese to his former position of defendant, such an act would be placing the plaintiff in a position to enable him to profit by his own error.

It may be also observed herein that the receiver's right to the fund now paid into court depends upon the validity of the assignment of such fund made by the written instrument executed July 10, 1903, from Mrs. Friedman to Harris Medler, and it would seem that an action, brought in a court having equity jurisdiction, to set aside such assignment upon the ground of fraud, would be essential. The Municipal Court has no equity powers (section 2, subd. 2, Municipal Court Act, Laws 1902, p. 1490, c. 580), and even if the receiver, as defendant in a Municipal Court action, could attack the validity of such an instrument, it could not be done under an answer containing a general denial only, which was the only answer filed in this case.

The judgment must therefore be reversed and the complaint dismissed, leaving the fund in court to await such action as the several parties may hereafter take, and, as neither party is entitled to costs as against the other, no costs are allowed to either party. All concur.