(128 App. Div. 101.)

GREAT NORTHERN MOULDING CO. v. BONEWUR.

(Supreme Court, Appellate Division, Second Department. October 9, 1908.)

1. COURTS—MUNICIPAL COURTS—NEW YORK CITY—PLEADING.
   Where plaintiff in the Municipal Court did not exercise his privilege to plead over after the sustaining of a demurrer to the complaint, defendant might, on the day fixed for the trial, procure judgment dismissing the complaint.

2. SAME—APPEAL—ORDERS APPEALABLE.
   Under Municipal Court Act (Laws 1902, pp. 1563, 1578, c. 580) §§ 257, 310, defining appealable orders, an order refusing to tax costs, after sustaining a demurrer to the complaint with leave to plead over without costs, and that part of the order on the decision of the demurrer which refuses to award costs to defendant, are not appealable.

3. SAME—COSTS—DISCRETION OF COURT—STATUTES.
   Under Municipal Court Act (Laws 1902, p. 1587, c. 580) § 334, providing that, where a judgment is rendered on the trial of a demurrer, the prevailing party shall recover the same costs as if the judgment had been in his favor on default, otherwise the costs shall not exceed $10, in the discretion of the justice, as a condition for leave to plead over, a Municipal Court, in sustaining a demurrer with leave to plead over, may in its discretion award costs not to exceed $10 as a condition for the favor; but where leave to plead over is not granted, or where the privilege is not exercised, the costs are as on default.

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by the Great Northern Moulding Company against Solomon Bonewur. From that part of the order sustaining a demurrer to the complaint which refuses to award defendant costs, and from an order refusing to tax costs in favor of defendant on sustaining the demurrer to the complaint, he appeals. Dismissed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Herman J. Rubenstein, for appellant.
Martin C. Ansorge, for respondent.

HOOKER, J. The defendant appellant demurred to the plaintiff's complaint in the Municipal Court. His demurrer was sustained, with leave to plead over, without costs. He then moved to direct the clerk to tax costs, and he now appeals from that part of the order on the decision of the demurrer which refuses to award him costs, and also from the order denying his motion to tax costs in favor of the defendant on sustaining the demurrer to the complaint.

So far there has been no judgment determining the rights of the parties in favor of either the plaintiff or defendant in this case. On December 28, 1907, defendant's demurrer was sustained, without costs, conceding to the plaintiff the privilege of pleading over on or

before December 31, 1907. It did not plead over, and, although the case was set down for trial on January 2, 1908, at which time the defendant might have had judgment against the plaintiff dismissing the complaint, because the plaintiff had not taken advantage of the privilege given to it by the court to file a pleading upon which he might be entitled to require the defendant to join issue, yet nothing took place on that day, and the complaint was not dismissed, and hence there has been no judgment in the case.

In the first place, I do not think either of the orders are appealable —the order refusing to tax costs, or that part of the order sustaining the demurrer which refuses to allow costs. The only sections of the Municipal Court act (Laws 1902, pp. 1563, 1578, c. 580) providing for appeals from orders are sections 257 and 310. Neither of these sections authorize an appeal from an interlocutory order. Nolte v. Seymour (Sup.) 111 N. Y. Supp. 311.

On the merits of the appeal, I think the respondent is right. Section 334, p. 1587, of the Municipal Court act provides:

"Where a judgment is rendered on the trial of a demurrer, the prevailing party shall recover the same costs as if the judgment had been in his favor, upon the default in the same action. Otherwise costs shall not exceed ten dollars in the discretion of the justice, as a condition for leave to plead over."

This means that where a judgment is rendered in the Municipal Court (and, of course, that means final judgment, for there is no provision for interlocutory judgments) as the result of the trial of a demurrer and without the trial of issues of fact, costs must be as upon a default; or, to put it in another way, where leave to plead over is not granted, in which case judgment must follow the decision of the demurrer as of course, or where the defeated party upon the demurrer does not avail himself of the privilege of pleading over, in which case judgment must pass as if leave to plead over had not been granted, in such cases costs are as upon a default. The last sentence of the section means that, where leave to plead over is granted, the Municipal Court may, in its discretion, award costs, not to exceed $10, as a condition for the favor. In this view, both the order which sustained the demurrer, erroneously called a "judgment," and the order denying the defendant's motion to tax costs, were right.

The appeal must be dismissed, with costs. All concur.