### BANK OF LONG ISLAND v. GREGORY et al.

(Supreme Court, Appellate Division, Second Department. April 23, 1909.)

1. COURTS (§ 190\*)—MUNICIPAL COURTS—ORDERS APPEALABLE.
      Under Municipal Court Act (Laws 1902, pp. 1563, 1578, c. 580) §§ 257, 310, defining appealable orders, an appeal from an order directing substituted service of summons is unauthorized.

      [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190;\* Appeal and Error, Cent. Dig. § 103.]

2. COURTS (§ 190\*)—MUNICIPAL COURTS—APPEAL—QUESTIONS REVIEWABLE.
      An appeal from a judgment of the Municipal Court rendered on substituted service of summons is sufficient to present for review the validity of the order for substituted service.

      [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190;\* Appeal and Error, Cent. Dig. § 103.]

3. COURTS (§ 190\*)—MUNICIPAL COURTS—APPEAL—SUBSTITUTED SERVICE OF PROCESS—GROUNDS—REVIEW.
      Under Municipal Court Act (Laws 1902, p. 1500, c. 580) § 32, authorizing substituted service of summons on a resident defendant, on proof by affidavit that diligent effort has been made to serve the summons, that the place of the sojourn of defendant cannot be found, or that he avoids service, so that personal service cannot be made, the facts necessary to warrant an order for substituted service must be established by affidavit,.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and the determination of the judge that the evidence presented by affidavits is satisfactory is controlling on appeal.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190;* Appeal and Error, Cent. Dig. § 103.]

Appeal from Municipal Court, Borough of Queens, Third District.

Action by the Bank of Long Island against George W. Gregory and another. From a judgment for plaintiff, and from an order directing substituted service of summons, defendants appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and GAYNOR, BURR, RICH, and MILLER, JJ.

Samuel Schlesinger, for appellants.

C. H. Street (Leander B. Faber, on the brief), for respondent.

BURR, J.  This action was brought in the Municipal Court to recover the sum of $275 upon a promissory note made by the defendant Mae T. Gregory to the order of her codefendant, George W. Gregory, which was indorsed by him and transferred to the plaintiff for value and before maturity. Upon presentation and default in payment the note was duly protested. The summons was issued on the 17th day of December, 1908, returnable on the 28th day of the same month. Plaintiff was unable to procure service to be made on the defendants, and on the 26th day of December, 1908, an alias summons was issued, returnable on the 6th day of January, 1909. On the 30th day of December, 1908, an order was obtained for substituted service, and on the same day said summons was served in accordance with the terms of such order. On the return day of the summons, the defendants did not appear, and judgment was entered by default. On the 9th day of January, 1909, the defendants appealed from the said judgment, and also from the order directing substituted service of such summons.

A separate appeal from such an order is not authorized by any provision of the Municipal Court act. Laws 1902, pp. 1563, 1578, c. 580, §§ 257, 310; Great Northern Moulding Co. v. Bonewur, 128 App. Div. 101, 112 N. Y. Supp. 466; Nolte v. Seymour, 127 App. Div. 178, 111 N. Y. Supp. 311; Beebe v. Nassau Show Case Co., 41 App. Div. 456, 58 N. Y. Supp. 769; Freidberger v. Stulpnagel, 59 Misc. Rep. 498, 112 N. Y. Supp. 89. An appeal from the judgment, however, is sufficient to present for review the validity of such order. Freidberger v. Stulpnagel, supra. The Municipal Court act contains the following provisions:

"An order for the service of a summons upon a defendant residing within the city may be made by the court in the district in which an action is brought after an alias summons has been duly issued, upon satisfactory proof by the affidavit of a person not a party to the action, and the return of a marshal, that proper and diligent effort has ·been made to serve the summons upon the defendant, and that the place of his sojourn cannot be found, or if he is within the city that he avoids service so that personal service could not be made." Laws 1902, p. 1500, c. 580, § 32.

The jurisdictional facts necessary to warrant the granting of such an order are residence of the defendant in the city, the issuing

of an alias summons, and proper and diligent effect to serve such summons upon the defendant, which efforts have been unsuccessful because his place of sojourn cannot be found. The latter facts must be established by the affidavit of a person not a party to the action and the return of a city marshal. If such affidavits and return are presented upon an application for such an order which shows some effort to ascertain the place of sojourn of the defendant and that it cannot be found, the determination by the judge to whom the application is made that such evidence is satisfactory is controlling. This has always been the rule with regard to an order for substituted service under the provisions of the Code of Civil Procedure, and its provisions are analogous to those of the Municipal Court act. Code Civ. Proc. § 435; Haswell v. Lincks, 87 N. Y. 637.

The affidavits upon which the order complained of was granted show that, from statements made by the postmaster at Woodhaven, the place of residence of the defendants was at No. 544 Benedict avenue, Woodhaven. Person's residing in the neighborhood confirmed these statements. The affidavit of a clerk in the employ of the attorneys for the plaintiff shows that on the 17th, 18th, 19th, 21st, and 22d of December he called at the premises above described, but was unable to obtain admission to the house, which appeared to be closed. The affidavit of one of the city marshals shows that on the 26th of December he called at said premises, and that he was not able to obtain admission to the house, and that daily newspapers, bearing date on the 22d, 23d, 24th, and 26th days of December, respectively, were lying on the porch. This would indicate that the house had not been actually occupied since the said 22d day of December. Of course, further evidence might have been required by the judge who granted the order to the effect that inquiries had been unsuccessfully made from persons residing in the neighborhood, with a view of ascertaining where the defendants had gone while absent from their place of residence. It was for him to determine whether to require such evidence or not. His determination that such evidence was unnecessary cannot be reviewed by this court.

The judgment appealed from should be affirmed, with costs, and the appeal from the order for substituted service should be dismissed, without costs. All concur.