### TRICOLI v. McKENZIE et al.

(Supreme Court, Appellate Term.   May 24, 1910.)

COURTS (§ 189*)—MUNICIPAL COURTS—SERVICE OF PROCESS—SUBSTITUTED SERVICE—"NONRESIDENT."

Municipal Court Act (Laws 1902, c. 580) § 25, subd. 3, provides that no person having a place in the city for the regular transaction of business is deemed a "nonresident" under the provisions of the act, and section 32 permits the order for service of summons upon a defendant residing within the city after an alias summons has been issued, upon satisfactory proof that diligent effort has been made to serve the summons and that the place of his sojourn cannot be found, or, if he is within the city, that he evades service, so that personal service cannot be made. Defendant

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

had an office in the city at a certain address, and plaintiff's attorney made affidavit that defendant called upon him at his office before the action was begun.    Five alias summonses were secured, and numerous efforts were made to serve defendant, and plaintiff wrote him several letters at his New Jersey residence, stating that suit would be brought, and plaintiff was informed by attorneys, who appeared specially, but did not accept service, that they were attorneys for defendant, though plaintiff had requested defendant's attorney to enter an appearance, and defendant's son stated to the process server that his father came to the office sometimes once a week, and sometimes not so often.    *Held*, that an order for substituted service was properly issued under the circumstances; the facts justifying the belief that defendant was seeking to evade personal service.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*

For other definitions, see Words and Phrases, vol. 5, pp. 4823–4825; vol. 8, p. 7733.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Onorio Tricoli against William McKenzie and another. From a default judgment for plaintiff, defendants appeal, for the purpose of vacating an order for substituted service.    Order affirmed, as modified, and judgment affirmed.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

House, Grossman & Vorhaus (Moses H. Grossman, of counsel), for appellants.

Michael O. Rini, for respondent.

PAGE, J.   The action was brought to recover damages upon a contract for employment as a butler.   The defendant asserts, as the sole reason for asking to have the order set aside, that the papers on which the motion was granted are insufficient, for four reasons set forth categorically in respondent's brief.   The first three reasons are clearly inconsequential, if the fourth is unsound; that is, if the contention that defendant has no place of business in New York is not true.

I think that the moving affidavits and the affidavits of plaintiff's attorney, read on the motion below to set aside the default, present sufficient facts to justify the court in granting this order.   By the last sentence of section 25, subd. 3, of the Municipal Court act (Laws 1902, c. 580), it is provided that:

"No person who shall have a place in said city for the regular transaction of business shall be deemed a nonresident under the provisions of this act."

This section should be read with the provisions of section 32 of the same act, which describes what must be shown to authorize an order for substituted service "upon a defendant residing in the city."   Construing these two sections together, we think that the phrase "and that the place of sojourn cannot be found," in section 32, must be interpreted to mean a temporary or transient place of sojourn, and not an actual residence or permanent abiding place.   The court has jurisdiction in an action against a nonresident natural person having a place of business in this city.   Routenberg v. Schweitzer, 165 N. Y. 175, 58 N. E. 880.

With this interpretation of the two provisions of the Municipal Court act in mind, it is clear that the plaintiff presented sufficient facts to bring himself within the prescribed rules. Defendant admittedly had an office in the city at 320 Broadway, and he was described in the City Directory of Manhattan as:

"President, 320 Broadway R. 1008 & 81 White H., Carlton Hill, N. J."

Plaintiff's attorney makes affidavit that defendant had called upon him at his office, stating that he (defendant) had an office in the same building (320 Broadway) and had called to see whether the matter could be adjusted. This was before the action was begun. It was not disputed that five different alias summons had been secured, and numerous efforts made to serve him at this business address. Plaintiff's attorney had also written several letters to defendant's residence in New Jersey, informing him that he intended bringing suit. He was subsequently informed by the attorneys, who later appeared specially, that they were the attorneys for the defendant, but did not accept service or appear for defendant in this action, although he had communicated with defendant's attorneys in New York, requesting them to enter an appearance. It is clear that plaintiff made every possible effort to effect service before resorting to the extreme measure of securing an order for substituted service. Defendant's son, who was in charge of the office at 320 Broadway, was also informed by the process server that he wished to serve the defendant. The son stated, in answer to the process server's inquiry, that his father came to the office "sometimes once a week, sometimes less often."

We believe that the judge who granted the order was warranted in believing that the defendant was seeking to evade service, and all these facts are sufficient to sustain his action. Bank of Long Island v. Gregory, 132 App. Div. 95, 116 N. Y. Supp. 309.

The order should be modified, by striking therefrom the sum of $10 improperly imposed upon the motion below, and, as so modified, affirmed, and the judgment should be affirmed, with costs of this appeal. All concur.