(93 Misc. Rep. 47)

## OPPENHEIM v. LEVINE.

(Supreme Court, Appellate Term, First Department. December 30, 1915.)

1. COURTS ⬅188—MUNICIPAL COURTS—JURISDICTION—INTERPLEADER.

Under Municipal Court Act (Laws 1902, c. 580) § 187, authorizing the Municipal Court of the City of New York to grant an order of interpleader, in actions upon contract, or in actions to recover a chattel, the court had no jurisdiction to enter an order of interpleader in an action for conversion.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 412, 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. ⬅188.]

2. COURTS ⬅190—MUNICIPAL COURT—ORDERS APPEALABLE.

An order of interpleader, not being one of those specified in Municipal Court Act, §§ 257, 310, defining appealable orders, was not appealable by separate appeal, and the plaintiff's only remedy was to comply therewith, go to trial, appeal from the judgment, and bring up the order for review upon such appeal.

[Ed. Note.—For other cases, see Courts, Dec. Dig. ⬅190.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Isidore Oppenheim against Samuel Levine. From a judgment in favor of the defendant, after trial by the court, bringing up for review an order allowing the original defendant, Benjamin Matusow, to deposit the money in controversy in court and to interplead Samuel Levine as defendant in his stead, plaintiff appeals. Order of interpleader reversed, motion for interpleader denied, and subsequent proceedings, including the judgment, vacated; the action to proceed against the defendant Matusow.

Argued December term, 1915, before GUY, PAGE, and PHILBIN, JJ.

Sykes, McCole & Potter, of New York City, for appellant.
Charles S. Rosenberg, of New York City, for respondent.

PAGE, J. The plaintiff brought this action against one Benjamin Matusow to recover damages for the conversion of a check for $150 made by Samuel Levine, payable to the order of the plaintiff and delivered to the plaintiff by Levine. The plaintiff alleged in the complaint that he indorsed the check and delivered it to the defendant Matusow for the purpose of having Matusow take it to the bank, have it certified, and return it to the plaintiff, which Matusow agreed to do, but, instead of returning the check to the plaintiff, Matusow received payment of the proceeds thereof, and converted it to his own

use, and refused to deliver the check or the proceeds thereof to the plaintiff upon demand.

On the 28th day of April, 1915, on motion of the defendant Matusow, which was opposed by the plaintiff, an order of interpleader was entered, substituting Samuel Levine as defendant in the place of Matusow, and discharging Matusow from liability on his payment into court of the amount claimed in the summons, less $10 costs of the motion. The summons and amended complaint were directed to be served upon Levine. The money was paid into court by Matusow, and Levine appeared in the action and filed an answer setting forth as a defense that the check of $150 was given to the plaintiff as part payment upon the sale of a tobacco business to Levine for $3,800, the balance to be paid within five days thereafter, if certain representations made by the plaintiff as to the weekly income of the store were found to be true, and that the said representations were false, to the knowledge of the plaintiff, and the plaintiff failed to carry out the terms of the contract of sale, whereby the defendant has been injured in the sum of $150, paid by him to the plaintiff.

The action came on for trial upon the issues so raised between the plaintiff and the new defendant, Levine, and judgment was granted in favor of the said defendant. The plaintiff has appealed therefrom, bringing up for review the so-called order of interpleader.

[1] The jurisdiction of the Municipal Court at the time the order was granted was governed by the Municipal Court Act (Laws of 1902, c. 580), and the authority of the said court to grant an order of interpleader, was restricted by section 187 of the said act to actions "upon contract or in an action to recover a chattel." The present action is one for conversion, and the court had no jurisdiction to enter an order of interpleader. Midler v. Lese, 45 Misc. Rep. 637, 91 N. Y. Supp. 148.

[2] The order, however, not being one of those specified in section 257 or 310 of 'the Municipal Court Act, supra, was not appealable by separate appeal, and the plaintiff's only remedy was to comply with the order, go to trial, and appeal from the judgment, bringing up the order for review upon the appeal from the judgment. Bank of Long Island v. Gregory, 132 App. Div. 93, 116 N. Y. Supp. 308. This the plaintiff has done.

As the order of interpleader was without jurisdiction, it must be reversed, the motion for interpleader denied, with $10 costs, and the subsequent proceedings, including the judgment, vacated, and the action to proceed against the defendant Matusow, with $30 costs to the appellant to abide the event. All concur.