Alfredo Sever, Plaintiff, *v.* Emilio Zucca, Defendant.

(Municipal Court of the City of New York, Borough of Manhattan, Ninth District, March, 1919.)

Service — jurisdiction of Municipal Court of the city of New York — order for substituted service against non-resident of city vacated — Municipal Court Code, § 23.

Under the present Municipal Court Code an order for substituted service can be made only where it appears that the defendant is a resident of the city of New York.

Where the affidavits upon which an order under section 23 of the Municipal Court Code for substituted service was granted, though tending to show that the defendant has an office in the city of New York for the regular transaction of business failed to show that he is a resident of said city, the court acquires no jurisdiction, and a motion for the direction of judgment against him will be denied and the order for substituted service vacated.

Motion for direction to enter judgment.

David G. Godwin, for plaintiff.

Lauer, J. The plaintiff has given proof before me of the cause of action stated in the complaint and asks for a direction to the clerk to enter judgment. It appears that there has been no personal service of the summons upon the defendant but that an order was made for substituted service under section 23 of the Municipal Court Code. The papers upon which that order was made fail to show that the defendant is a resident of the city of New York. The papers tend to show that the defendant has an office in the city of New York where he transacts business, and it is argued by the plaintiff from this fact that he has an office within the city for the regular transaction of business,

and on this it is contended that the order for substituted service of the summons may be based.

I do not agree with this contention. Under the present Municipal Court Code it seems to me that an order for substituted service of a summons cannot be made except where it appears that the defendant is a resident of the city of New York. By section 23 it is provided that: "An order for the service of a summons upon a defendant *residing within the city of New York* may be made by the court," etc. Unless therefore there is contained in the Municipal Court Code some other provision which makes a place for the regular transaction of business the equivalent of residence it must follow that jurisdiction of the defendant has not been acquired.

Plaintiff relies as an authority upon the case of *Tricoli* v. *McKenzie,* decided by the Appellate Term of the Supreme Court in May, 1910, reported in 123 N. Y. Supp. 211. This case, however, was decided under the Municipal Court Act (Laws of 1902, chap. 580). In my opinion that decision because of a change in the language of the statute effected by the Municipal Court Code, is not now an authority.

Under the Municipal Court Act, section 25, subdivision 3, it was provided that: " No person who shall have a place in the said city for the regular transaction of business shall be deemed a non-resident *under the provisions of this act.*" The case referred to is authority for the proposition that the language of the section just quoted should be read in connection with section 32 of the Municipal Court Act, which authorized an order for substituted service " upon a defendant residing in the city." Subdivision 3 of section 25 is now incorporated in subdivision 1 of section 17 of the Municipal Court Code. The language of the present statute, however, is vitally different. The language of

Municipal Court of New York, March, 1919.    [Vol. 106.

the present section is: " The district in which is situated the place for the regular transaction of busi-ness of an individual who does not reside in the city of New York * * * shall be deemed the place of residence *under the provisions of this section.*" This section (17) relates to the subject of venue and con-tains provisions respecting the proper district in which an action may be brought. The distinction is this: Under the former statute a person who had a place in the city of New York for the regular transaction of business was deemed a resident of the city of New York for all purposes under the " act." The present Municipal Court Code, however, appears to be much more restrictive in this respect and a non-resident who has a place of business in the city of New York for the regular transaction of business is only deemed a resi-dent of the city of New York for the purpose of the " *section*," and that is of determining the proper dis-trict in which an action may be maintained.

It follows, therefore, that no jurisdiction of the defendant has been acquired by the order which was made herein for the substituted service of the sum-mons upon the defendant because the jurisdictional facts are not made to appear by the moving affidavits. The motion for direction of judgment is, therefore, denied, and the order heretofore made for the substi-tuted service of the summons upon the defendant is hereby vacated.

I have gone into the subject somewhat at length because plaintiff's attorney has requested that I do so, explaining that there is considerable doubt on this sub-ject in the minds of many members of the bar.

Ordered accordingly.