UNITED STATES CAST IRON PIPE & FOUNDRY Co., Respondent, *v.* HUGH S. ROBERTS & Co., INC., Appellant.

(Supreme Court, Appellate Term, First Department, February Term — Filed March, 1921.)

Service — substituted — Municipal Court of the city of New York ·— corporations — appeal.

> The Municipal Court of the city of New York has no power to make an order for substituted service of the summons on a corporation defendant.
>
> An appeal lies from such an order and it and the order denying the motion to vacate the judgment entered on defendant's failure to appear will be reversed and the motion granted.

APPEAL from an order of the Municipal Court of the city of New York, borough of Manhattan, ninth district, denying defendant's motion to vacate a judgment entered on December 16, 1920, upon an order granting a motion for substituted service.

John ·C. vonGlahn, for appellant.

Fraser, Speir & Meyer (John L. Dunn, of· counsel), for respondent.

*Per Curiam.*    On December 1, 1920, the plaintiff obtained an order for the substituted service of the

summons in this action on the defendant, upon proof that the defendant was a domestic corporation having its principal place of business in the borough of Manhattan, city of New York, and that proper and diligent effort has been made to serve the summons upon the defendant, and that none of the persons mentioned in subdivision 3 of section 431, Code of Civil Procedure, can be found. The defendant appealed from this order and did not enter any appearance after the summons was served upon it, in accordance with the terms of the order. Thereafter the plaintiff entered judgment against the defendant upon its failure to appear, and the defendant moved to set aside this judgment. This motion was denied, and the defendant also appeals from the order denying this motion, and the appeals from both orders are now before us.

The Municipal Court Code does not provide for any direct appeal from an order permitting a substitute for personal service of the summons, but it does provide for such an appeal from an order which the court had not the power to make, and in the present case the defendant contends that the Municipal Court has no power to make an order for substituted service upon a corporation. If that contention is correct, an appeal lies from the order of December first.

Section 21 of the Municipal Court Code provides that: " The summons may be served upon the defendant within the city of New York in like manner as though the summons issued out of the supreme court, except as otherwise provided in this act or in the rules, provided that it shall not be served by publication." Section 23 of the Municipal Court Code provides in part: "An order for the service of a summons upon a defendant residing within the city of New York may be made by the court, or a justice thereof in the dis-

trict in which the action is brought, upon satisfactory proof, by the affidavit of a person not a party to the action, that proper and diligent effort has been made to serve the summons upon the defendant, and that the place of his sojourn cannot be found, or if he is within the city that he avoids service so that personal service cannot be made." This is the only section of the Municipal Court Code in which any power to make an order for substituted service is conferred upon the Municipal Court or a justice thereof, and there can be no question but that at the time when the Municipal Court Code was adopted, the legislature intended that no power to make orders for substituted service in any other case should be implied by virtue of any provision of the Code of Civil Procedure. It is true that section 23 also contains the provision: " The contents of the order, the method of service of the summons, the proof of service thereof, and the method of filing the order and the papers on which it was granted, shall be the same as though the summons were issued out of the supreme court, unless otherwise provided by the rules," but this provision by its express terms applies only to the practice and procedure where an order for substituted service has been made, and it does not by reasonable implication provide that the Municipal Court shall also have the same powers to make such an order as the Supreme Court possesses. See *Mitchell* v. *Schroeder*, 94 Misc. Rep. 270.

In the present case it is especially clear that the legislature did not intend to grant expressly to the Municipal Court power to make an order for substituted service in certain cases and at the same time to confer upon the Municipal Court the same power to make such orders as exists in the Supreme Court, because the only provision in the Code of Civil Pro-

cedure which confers such power upon the Supreme Court or other court of record is section 435. That section could not apply in full force to the Municipal Court, because it provides for an order for service of a summons upon a defendant residing *within the state,* and of course the Municipal Court was never intended to have the power to make any order of substituted service upon a defendant residing within the state but not within the city, and it was necessary, if the legislature intended that the Municipal Court should have power to make orders for substituted service in regard to defendants residing in the city, that provision for this purpose should be made in the Municipal Court Code for no provision of the Code of Civil Procedure could be considered as applicable. The legislature did confer such power under section 23 of the Municipal Court Code, but its terms are not sufficient to include a domestic corporation, as a defendant residing within the city of New York within the meaning of that section. That section not only fails expressly to mention such a corporation, but the provisions as to the matters upon which satisfactory proof must be submitted can have no application to a domestic corporation, but evidently refer solely to natural persons. This construction becomes clear when we examine the history of this section. It is derived from section 435 of the Code of Civil Procedure as it existed until that section was amended by chapter 230 of the Laws of 1913. By that amendment the legislature indicated clearly its intent that the Supreme Court and other courts of record should have power to make orders for substituted service of summons upon a domestic corporation upon proof that none of the persons mentioned in subdivision 3 of section 431 can be found, and the legislature in making that amendment indicated that in its opinion such power did not

exist under the language of the original section. When the legislature, however, enacted the Municipal Court Code in 1915, it saw fit to use practically the exact language of section 435 before such amendment. It cannot be presumed that the legislature overlooked the significance of its own amendment to section 435 of the Code of Civil Procedure, and it would, therefore, appear plain that under section 23 of the Municipal Court Code the legislature intended to confer upon the Municipal Court the power to make an order for substituted service upon a defendant residing within the city of New York only in such cases as the Supreme Court had power to make similar orders for service upon defendants residing within the state under section 435 of the Code of Civil Procedure as it existed prior to its amendment, and to withhold from the Municipal Court any additional power granted by such amendment.

It follows that the order for substituted service and the order denying the motion to vacate the judgment should be reversed, with ten dollars costs to appellant, motion to vacate the judgment granted, with ten dollars costs and judgment vacated.

Present: Lehman, Mullan and Burr, JJ.

Order reversed, with ten dollars costs to appellant.