ISIDOR REITER and Another, Copartners, Trading as REITER &
BOTTERMAN, Respondents, *v.* GUSTAVE IRVING, Doing Business
as CREDIT MEN'S BUREAU OF COLLECTIONS, Appellant.

Supreme Court, Appellate Term, Second Department, April 24, 1926.

**Process — Municipal Court of City of New York — substituted service
can be made under Municipal Court Code, § 23, only where defendant
resides in city — affidavit must show facts — service set aside and
judgment vacated — Civil Practice Act, §§ 230, 231, construed with
Municipal Court Code, § 23.**

Substituted service of a summons, in an action commenced in the Municipal
Court of the City of New York, can be made under section 23 of the Municipal
Court Code, only where the defendant resides within the city or is a domestic
corporation having its place of business therein.

Accordingly, substituted service is set aside and the judgment rendered thereon
vacated, since it appears that the affidavit upon which the order of substituted
service was made, does not show that the defendant was a resident of the city
of New York, but, on the contrary, shows that it was impossible to ascertain
his residence.

The provisions of the Civil Practice Act (§§ 230, 231) with reference to substituted
service are to be read with section 23 of the Municipal Court Code.

APPEAL from orders of the Municipal Court, Queens, Second
District, denying motions to vacate the judgment and the order
for substituted service.

*Edgar I. Ahrweiler*, for the appellant.

*Edward Scherer*, for the respondent.

PER CURIAM.   Order denying motion to vacate judgment unani-
mously reversed upon the law, with ten dollars costs to appellant,
and motion granted, with ten dollars costs.   The order denying
motion to vacate order for substituted service unanimously
reversed upon the law, without costs, and motion granted,
without costs.

An order for substituted service of the summons in the Municipal
Court can be made only where the defendant resides within the
city of New York or is a domestic corporation having its place
of business therein.   (Mun. Ct. Code, § 23; *Sever* v. *Zucca*, 106
Misc. 620; *Athias* v. *Hollingsworth*, 179 N. Y. Supp. 606.)   The
order allowing substituted service and the affidavit upon which
it was granted both fail to show that the defendant was a resident
of the city of New York, but on the contrary show that his residence
could not be ascertained.   This is wholly insufficient.

The provisions of the Civil Practice Act with reference to

substituted service (§§ 230, 231) are to be read with section 23 of the Municipal Court Code. (*U. S. Cast Iron Pipe & Foundry Co.* v. *Roberts & Co.*, 114 Misc. 560, 562.)

Present, CROPSEY, MACCRATE and LEWIS, JJ.