## (April 18, 1938.)

In the Matter of the Petition of Lillian Buoneto, Respondent, v. Michael Buoneto, Appellant.— The motion is referred to the court that rendered the decision on the appeal. [See ante, p. 75.] Present — Lazansky, P. J., Hagarty, Davis, Johnston and Taylor, JJ. Motion for reargument denied. Upon consideration of the additional authorities cited by the respondent, we adhere to our former opinion. The opinion expressed in Worthington v. London G. & A.

*Co.* (164 N. Y. 81), to the effect that the restriction imposed by article VI, section 18, of the Constitution applies only to the jurisdiction of inferior courts as to subject-matter, appears to be dictum; but in any event, a different construction is now required by the subsequent amendment to the same sentence of the foregoing section, adding a specific exception with respect to the territorial jurisdiction of inferior courts in cities. In the construction of statutes or constitutions, the presence of an express exception precludes the creation of any other exception by implication. (*Matter of Hering*, 133 App. Div. 293.) The constitutional provision must now be construed to mean that the Legislature may not confer upon an inferior court greater jurisdiction in any respect than is granted to County Courts, with the single exception that the civil jurisdiction of an inferior court within a city may be extended throughout the county or counties in which the city is located. *Routenberg* v. *Schweitzer* (165 N. Y. 175) also was decided prior to the constitutional amendment; but that case does not appear to be pertinent anyway, because it followed the *Worthington* case to the extent only of holding that the Municipal Court of the City of New York was not a new local court and that there was consequently no new grant of jurisdiction. That view is inapplicable here. The fact that the Magistrates' Courts, which formerly exercised some of the jurisdiction of the Domestic Relations Court, still continue, and that a constitutional amendment was considered a necessary preliminary to the establishment of the Domestic Relations Court, compels the conclusion that the latter is a new court and that its jurisdiction is newly conferred. Motion for leave to appeal to the Court of Appeals granted. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.